# SCOTT AND LIGHT *v*. STATE.

## (*Knoxville.* September Term, 1902.)

**1. CONTEMPT. Decoying witness from State—Technical defenses not favored.**

Where in a prosecution for contempt by decoying a witness from the State to prevent his appearance before the grand jury, the defenses interposed are based upon alleged technical defects in the subpœna and manner of service on the witness, whatever effect might be given to such defenses if relied upon by a witness proceeded against for failure to attend, they should be given no weight at all when invoked by third parties under prosecution for decoying the witness away, it appearing that the witness himself recognized the validity of the subpœna and the legality of the service. (*Post, pp.* 392-394.)

**2. SAME. Power of the courts to punish for.**

In this State the power of the courts to punish for contempt is purely statutory and is restricted to certain designated cases. (*Post, pp.* 394-395.)

Code construed: Sec. 5918 (S); 4881 (M. & V.); 4106 (T. & S.),

**3. SAME. Issuance of process essential to sustain prosecution for.**

To sustain a charge of contempt for decoying a witness from the State it is necessary to show that a subpœna was issued for the witness; that is, the existence of process which was interfered with must be shown by proper proof. (*Post, pp.* 392-394, 396.

Code construed: Sec. 5918 (S); 4881 (M. & V.); 4106 (T. & S.). Case cited: Hatfield's case, 3 Head, 233.

Scott and Light v. State.

### 4.  SAME.  Case in judgment.

Plaintiffs in error were prosecuted in the circuit court upon a charge of contempt for decoying a witness, one Johnson, out of the State, with the purpose of preventing his appearing as a witness before the grand jury, in a bound over case. One of the defenses interposed was that Johnson had not been lawfully subpœnaed and alleged defects in the subpœna and manner of service were specified, but it appeared that the witness recognized the binding force of the service. It was also insisted that no subpœna was ever issued for Johnson.  The record shows a subpœna for one Hardy; instead of Johnson, but refers in terms to the proper subpœna, showing that the wrong subpœna was inserted by a mistake of the clerk of the court below.  The testimony is clear that defendants supposed that a legal subpœna had been served on Johnson, and under that belief they decoyed him out of the State, with the purpose above stated.  The defendants were found guilty as charged and have appealed.

HELD:  1st.  That the judgment of conviction must be reversed because of failure to prove the existence of the subpœna or process which was interfered with.  2d.  That in view of the strong proof of their guilt, defendants are not entitled to be discharged, but will be remanded for a new trial, when proof of the proper subpœna may be made. (*Post, pp.* 392-394, 396.)

### 5.  CONTEMPT.  Proceedings—Practice.

It is not necessary that a prosecution for contempt be instituted by petition, an oral motion based on an affidavit making out a prima facie case is sufficient.  (*Post, pp.* 396-397.)

### 6.  SAME.  Same.  Same.

If the affidavit on which the motion is based be meager, as in this case, it may be amended on the remand, so as to more fully shows the facts.  (*Post, p.* 397.)

### 7.  SAME.  Same.  Judgment of court should show  what.

In a prosecution for contempt, by motion based on affidavit, the action of the court thereon in awarding or denying the attachment should substantially appear in the order of the court and it should show the substance of the motion and the charge contained in the affidavit, but not its evidentiary

details; and the substance of the order should appear in the attachment if awarded. (*Post, p.* 397.)

---

FROM HAMILTON.

---

Appeal in error from the Circuit Court of Hamilton County. FLOYD ESTILL, Judge.

JOE V. WILLIAMS and SHEPHERD & FRIERSON, for Scott and Light.

CHARLES T. CATES, JR., Attorney-General, for State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The defendants were tried in the court below upon a charge of contempt of court. The charge, in substance, was that one Charley Johnson had been subpœnaed by the State to appear and give his testimony before the grand jury in the case of the State against Ed Royston, who had been bound over on a charge of forgery; that the defendants, knowing the said Charley Johnson had been so subpœnaed, decoyed him out of the State of Tennessee, and into the State of Alabama, with the purpose of preventing his appearing as a witness in the said case.

The defense made was that the said Charley Johnson had not been lawfully subpœnaed as a witness in the case referred to; and thereunder were the fol-

Scott and Light v. State.

lowing specifications:   (1) That the subpœna al-
leged to have been issued appears, from the face of
the affidavit which is the foundation of the present
proceeding, to have required the said Charley John-
son to appear before the grand jury, and not before
the court, to give evidence before the grand jury;
(2) that the affidavit shows that the subpœna was
issued in vacation, without showing that it was is-
sued upon the request of the attorney-general of the
district; (3) that the affidavit shows that the sub-
pœna required Charley Johnson to appear upon the
second day of the term, and not upon the first day;
(4) that it does not appear that any subpœna was
ever issued at all; (5) it does not appear that any
subpœna, if issued, was legally served.

Leaving out of view these technical defenses, the
testimony clearly shows that the defendants are
guilty, that they supposed the subpœna was in every
respect a legal one, and that under that belief they
decoyed the witness out of the State.   Under such a
state of facts the court is not inclined to give tech-
nical objections any more weight than they are en-
titled to *strictissimi juris.*

As to the first, second, third and fifth grounds,
whatever weight they might be entitled to if relied
upon by a witness who was being proceeded against
for a failure to attend, we think they should be given
no weight at all when put forward as defenses by per-
sons under prosecution for decoying the witness away,

when it appears, as in the present case, that the witness himself recognized the binding force of the subpœna.

The fourth ground, however, must be sustained, because, instead of setting out the subpœna in the case of the State against Ed Royston, the bill of exceptions contains a subpœna in the present case, and one, moreover, not for Charley Johnson, but for one Charley Hardy. The language of the bill of exceptions, referring in terms to the proper subpœna, however, convinces us that the one now appearing in the record was inserted by a mistake of the clerk of the court below. Nevertheless, the judgment of that court must be reversed on this ground, because, if in fact no subpœna for Charley Johnson was ever issued, he could not be made a legal witness, and so bound to appear (Hatfield's case, 3 Head, 233); and the defendants, in that view, committed no contempt of court in inducing him to leave this State and go into the State of Alabama to keep from testifying. It is unnecessary to determine whether the facts stated would support an indictment, as the matter before us is whether these facts would make out a case of contempt of court, this being a contempt proceeding. That they would not support a charge of contempt is shown by the fact that the power of the courts of this State to punish for contempt is limited to the cases laid down in Shannon's Code, sec. 5918,

subsecs. 1 to 6, inclusive. These are as follows: "(1) The wilful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice; (2) the wilful misbehavior of any of the officers of said courts, in their official transactions; (3) the wilful disobedience or resistance of any officer of the said courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of said courts; (4) abuse of, or unlawful interference with, the process or proceedings of the court; (5) wilfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them; (6) any other act or omission declared a contempt by law." The sixth subsection has been decided to be applicable to only such acts or omissions as may be declared by statute to be contempts, and so does not apply. The only other subsection which could have any possible bearing upon the facts stated is the fourth one. But that subsection can not apply, because, on account of the absence of the subpœna, it is not shown that there was any process issued which was interfered with.

So, however strong the purpose of the defendants was to commit the contempt, and how willingly soever they entered upon and executed a plan which they thought was the placing beyond the jurisdiction of the court of a witness who, as they believed,

had been subpœnaed to go before the grand jury, yet, because this record, as it stands, does not show that the supposed witness was a real witness, in a legal sense, the conviction can not be sustained. But under the circumstances we do not think the defendants should be discharged. As already stated, it seems most probable that by a mere oversight the wrong subpœna got into the bill of exceptions. In view of this fact, and the strong proof of the defendants' guilt otherwise, the case should be remanded for a new trial, rather than disposed of finally here, as might be done in this kind of case. Attempts to interfere with the pure and efficient administration of justice in the courts of the country merit the severest condemnation and punishment, and persons charged therewith, and whom the facts show to be morally guilty, can not be allowed to escape punishment on mere technicalities, when the record shows, or can legally be made to show, that the substantial requirements of the law have in other respects been complied with in the proceedings which such persons have sought to divert. All such charges should have the fullest investigation.

The defendants' counsel have furnished the court with a learned and able brief upon the form of the pleadings required in contempt proceedings. We do not deem it necessary to go into this matter at any length. The general form of the proceeding as instituted is correct; that is, an affidavit and an attachment. Undoubtedly, the affidavit, or, if more than

one, then all of the affidavits together, should make out a *prima facie* case of contempt; and the application for the attachment should be based on such affidavit or affidavits. In the present case the affidavit is meager, but on the remand it may be amended in such way as to more fully state the facts.

We do not think that a petition is at all necessary. An oral motion based on the affidavit is sufficient. The action of the court upon the motion and affidavit in awarding or denying the attachment, should substantially appear in the order of the court on the motion, and this order should recite the substance of the motion granted or denied; also briefly the substance of the charge contained in the affidavit, but not its evidentiary details; and the substance of the order should appear in the attachment writ if awarded. This brief and simple practice is the one which the court recognizes as having been long in use in this State, and is altogether sufficient for the purposes of the inquiry.

Let the judgment be reversed and remanded as above indicated.