Ricketts v. State.

AUGUSTUS RICKETTS *v.* STATE.

(*Knoxville.*   September Term, 1903.)

1.  **CONTEMPT OF COURT.** Subornation of perjury is, when.
Where a defendant in a criminal prosecution, by persuasion and
threats of personal violence before the trial, induces a witness
to testify falsely in his favor as to a material fact in issue,
he is guilty of contempt of court, and of unlawful abuse of,
and interference with, and the process and proceedings of the
court.    (*Post, pp.* 381–382.)

Code cited and construed:   Sec. 5918, subsec. 4 (S.); sec. 4881,
subsec. 4 (M. & V.); sec. 4106, subsec. 4 (T. & S. and 1858).
Case cited and approved:   McCarthy v. State, 89 Tenn., 543.

2.  **SAME.** Not merged into subornation of perjury; both are pun-
ishable.
Contempt of court committed by a defendant in a criminal pros-
ecution by inducing a witness for the State to testify falsely
for him as to a material fact in issue is not merged into the
subornation of perjury.   The offenses are entirely distinct and
independent, and punishment may be inflicted for both.   (*Post,
pp.* 382-383.)

Cases cited and approved:   United States v. Debs (C. C.), 64
Fed., 724; Yates v. Lansing, 9 Johns., 417.

FROM HAMILTON.

Writ of error to the Criminal Court of Hamilton
County.—S. D. M'REYNOLDS, Judge.

Ricketts v. State.

W. H. CUMMINGS and ROBERT T. CAMERON, for Ricketts.

ATTORNEY-GENERAL CATES, for the State.

———

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Plaintiff in error, upon petition of the district attorney charging him with contempt of court, was attached, tried, and convicted, and adjudged to pay a fine of $50 and undergo confinement in the county jail for a term of ten days, from which judgment he has prosecuted an appeal in the nature of a writ of error to this court, and assigns error.

The conduct of plaintiff in error alleged in the petition as constituting the contempt of which he was found guilty consists of his action in procuring a witness for the State in a prosecution against him in said court for tippling to falsely testify that a sale of liquor made by plaintiff in error to the witness, and then being inquired into, occurred more than twelve months before the indictment was preferred, so as to make the same appear to be barred by the statute of limitation applicable to such offense, when in fact the sale was made within that time.

The witness was induced to give this false testimony by persuasion and threats of personal violence upon the part of the plaintiff in error before the trial.

The first contention of plaintiff in error is that the facts stated do not constitute contempt of court within the statutes upon this subject.

It is unsound.  A case of unlawful abuse of and interference with the process and proceedings of the court within section 5918, subsec. 4, of the Code (Shannon's Ed.), is clearly presented.

Anything done for the purpose of preventing a witness duly subpoenaed from attending court, or, when in attendance, from testifying to the truth and the whole truth, constitutes a contempt under the statute of the most serious and hurtful character, which should always be vigilantly inquired into and severely punished.

It is difficult to conceive of a more willful and corrupt interference with the process and proceedings of a court of justice than is here presented.  Contemnor not only interfered with and prevented the witness then under subpoena from testifying the truth, but practically in the presence of the court caused him to commit the crime of perjury, thus in the most effective way obstructing its proceedings and the administration of justice.  Inducing a witness to absent himself from court, as was done in *McCarthy* v. *State*, 89 Tenn., 543, 15 S. W., 736, is a mild offense compared to that here disclosed.

Again, it is said that the smaller offense of contempt is merged in the greater one of subordination of perjury , and that it cannot be punished.  This position is also untenable.  The offenses are entirely distinct and independent.   They are created upon different principles.

Rickets v. State.

for different purposes, are tried and punished differently, and a conviction or acquittal of one is no bar in a prosecution for the other.

This seems to be well settled by the authorities. 7 Am. & Eng. Ency. of Law (2 Ed.), 66; 4 Pl. & Pr., 794; *U. S.* v. *Debs* (C. C.), 64 Fed., 724; *Yates* v. *Lansing,* 9 Johns., 417, 6 Am. Dec., 290.

The judgment is affirmed, and the case remanded that it may be executed.