B. P. OSBORN *v.* THE STATE.

(*Nashville,* December Term, 1929.)

Opinion filed May 24, 1930.

DAVID HIMMELSTEIN and WM. MARTIN, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was fined $50 and given a jail sentence of ten days by the Criminal Court of Davidson County for contempt of that court and he has appealed in error.

There is no controversy over the facts in this court. Plaintiff in error was one of the jurors trying the case of the *State* v. *Liggett* at the April, 1929, term of the Criminal Court of Davidson County. Prior to his acceptance on the jury he entered into an agreement with one Creswell whereby in consideration of the promise of money from Creswell on behalf of the defendant Liggett, Osborn agreed to hold out against conviction of the said Liggett and did so hold out and hanged the jury and occasioned the mistrial.

Under subsection 4 of section 5918, Thompson's-Shannon's Code, "abuse of, or unlawful interference with, the process or proceedings of the court" subjects the guilty party to punishment for contempt.

This court has held that a corrupt interference with the functions of the grand jury was punishable under this subsection. *Harwell* v. *State*, 78 Tenn. (10 Lea), 544. That an attempt to prevent a witness from testifying to the truth upon the trial was so punishable. *Ricketts* v. *State*, 111 Tenn., 382. And likewise an effort to in-

fluence prospective jurors. *Coleman* v. *State*, 121 Tenn., 1.

We find no case exactly like the one before us in which contempt proceedings have been instituted. It is said that:

"Any misconduct on the part of a juror which prevents, or tends to prevent, a fair and impartial consideration of the case on its merits according to the law and evidence, . . . constitutes contempt." 13 C. J., 23.

Conversing with a party or others in relation to the action has been held to be contempt on the part of a juror. *In re Gorham*, 129 N. C., 481.

Refusing to serve on the jury has been held to constitute contempt. *Powell* v. *State*, 48 Ala., 154.

Likewise the expression of one's opinion respecting the merits of the case for the purpose of disqualifying one's self as a juror has been held to be contempt. *United States* v. *Devaughan*, 25 Fed. Cas., 14952.

█ For a stronger reason, we think a prospective juror who deliberately disqualifies himself from service by agreeing to accept a bribe is liable to contempt proceedings.

The circumstance that the plaintiff in error may have rendered himself amenable to a criminal prosecution under section 6705, Thompson's-Shannon's Code, does not relieve him of this proceedings for contempt. *Ricketts* v. *State*, 111 Tenn., 382.

Counsel for plaintiff in error cites *Re Cochran*, 237 N. Y., 336, 32 A. L. R., 433, as opposed to the conclusion reached. We do not think this case is in point. It merely holds that a juror may not be punished for contempt because of discussions had, arguments used or statements made by him in connection with the rendition of the

verdict nor for the reasons given by him for his vote nor for the vote itself.

During the same term of court at which the proceedings herein were had, Osborn was indicted under section 6705, Thompson's-Shannon's Code, on account of the matters herein detailed. He was found guilty under this indictment, as of a felony, and received a penitentiary sentence. This judgment was this day affirmed by this court.

While, as hereinbefore shown, Osborn may be punished both in a criminal prosecution and for contempt by reason of his conduct set out, nevertheless a double punishment for the same offense is contrary to the spirit of our laws. Since he has been convicted of the felony, we suggest that the Attorney-General dismiss the contempt proceedings. The latter proceedings were no doubt directed by the trial judge in view of the uncertainty of the applicability of section 6711 to the facts of this case.