UNDERWOOD *v.* STATE.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

SCHOOLFIELD & GRAHAM, of Chattanooga, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error was fined $50.00 and given a workhouse sentence of sixty days by the Criminal Court

of Hamilton County for contempt of that court and he has appealed in error.

On August 8th, 1947, the plaintiff in error and another were "permanently enjoined from operating a disorderly house or selling or unlawfully possessing or storing intoxicating liquor anywhere in Hamilton County, Tennessee, or from any violation of law charged in the petition, . . .".

On January 9, 1948, a petition to punish the plaintiff in error was filed in said court alleging two specific violations of said injunction. In each of these violations the plaintiff in error was found guilty and fined for violating the law, i. e., selling unstamped liquor and selling beer without a license. Fines were paid by the plaintiff in error for each of these violations.

The plaintiff in error's only defense to the petition for contempt is that he has already been prosecuted criminally for the same acts which are now charged as contempt of the injunction above referred to.

The contrary to this contention has been definitely held by this Court in *Ricketts* v. *State*, 111 Tenn. 380, 77 S. W. 1076, and in *Osborn* v. *State*, 160 Tenn. 599, 28 S. W. (2d) 49.

The mandates of a court must be obeyed. When they are disobeyed it becomes the duty of the court to punish for contempt. The court must do this to uphold the respect due such mandates. The dignity and efficiency of a court requires that its orders be obeyed and a failure to obey requires punishment in accord with the gravity and wilfulness of the disobedience.

When one is enjoined from committing certain illegal acts a commission of these acts subjects the offender to a criminal prosecution and a prosecution for contempt

for violating the court order. This is not in effect double punishment. One is a punishment for violating a law while the other is for violating a court order. A court mandate or order would be a nullity if the violator could say I have paid a fine for a criminal violation and am, therefore, not subject to the order of the court.

For the reasons given the judgment must be affirmed. All concur.