ROBERTSON *v.* STATE.

(*Jackson,* April Term, 1949.)

Opinion filed June 10, 1949.

C. A. STAINBACK, of Somerville, for plaintiff in error.

NAT TIPTON, Asst. Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Defendant, Jimmie Robertson, a Negro, appeals from conviction for the malicious shooting of Virl Perry, another Negro, in Fayette County, in June, 1947, and sentence of three years in the penitentiary.

There was quite a gathering of Negroes who observed Children's Day at Clover Garden Church on a Sunday in June, 1947. The shooting occurred near this church, and several witnesses testified that they were present at the time of the shooting. The prosecutor, Virl Perry, had served a term in the penitentiary for second-degree murder for killing the niece of defendant. After serving some six or seven years in the penitentiary, the prosecutor was paroled, and he was on a visit to Fayette County when the shooting took place. There is a somewhat remote threat in the record that the prosecutor had said he would kill defendant, as well as two others who were active in the prosecution of the case against him when he was sentenced to prison.

On the day in question the prosecutor testified that he was talking to John Bass and suddenly he heard and felt a shot, and looked around and saw defendant running away with a pistol in his hand. He further testified that at the time he was not armed and did not have his hands in his pockets, and made no demonstration otherwise. The prosecutor is corroborated in his testimony by the witness John Bass, with whom he was talking at the time of the shooting. The witness Charlie Perry also testified substantially to the same effect.

Defendant testified that he noticed the prosecutor and the witness Charlie Perry watching him, and having

heard of the threat and seeing the prosecutor with his hand in his right pocket and drawing a pistol, shot the prosecutor in his own necessary self-defense. Five witnesses for defendant, Lloyd Gray, Leander Neuble, Garfield Neuble, Lillie Neuble and Dolphus Perry, also testified that they saw Perry with a pistol at that time. Although three of the witnesses testified that defendant sustained a good reputation for peace and quietude, he himself offered no explanation as to why he was unlawfully carrying a pistol at a church on this Sunday.

 It must be borne in mind that there was evidently considerable excitement among the Negroes at the time of the shooting. The record shows that defendant ran away from the scene after firing the shot. The jury saw and heard the witnesses testify and observed their demeanor on the witness stand, and the question of their credibility was settled by the verdict of the jury. *Ferguson* v. *State,* 138 Tenn. 106, 196 S. W. 140. In *Christian* v. *State,* 184 Tenn. 163, 197 S. W. (2d) 797, it was held that the number of witnesses testifying for or against a defendant is not conclusive of the preponderance of the evidence. The trial judge approved the verdict of the jury in overruling the motion for a new trial, one of the grounds of which was that the evidence preponderated in favor of the innocence of defendant. The assignment of error as to the preponderance of the evidence being in favor of the innocence of defendant is, therefore, overruled.

 By the next assignment of error it is insisted that the verdict of the jury was void in that instead of "fixing" the maximum punishment, it used the word "recommend." In an opinion by Neil, J., in the case of *Batts* v. *State,* 189 Tenn. 30, 222 S. W. 2d 190, this Court fol-

lowed the rule laid down in *Ex parte* Richards, 150 Mich. 421, 114 N. W. 348, and *Lewis* v. *State*, 51 Ala. 1, 4. Under these authorities this assignment of error is, therefore, overruled.

The next objection is that the trial judge erred in admitting the testimony of Sheriff Guy, who testified that when he arrested defendant he told him that he (defendant) shot the prosecutor because he was afraid of him, as the latter had killed his niece some years ago. The Sheriff was then asked about statements made by defendant at the magistrate's trial, but the trial judge sustained the exception thereto and excluded them. The fact that one is under arrest does not render inadmissible statements made by him to officers. *Wynn* v. *State*, 181 Tenn. 325, 181 S. W. (2d) 332; *McGhee* v. *State*, 183 Tenn. 20, 189 S. W. (2d) 826, 164 A. L. R. 617.

We find no error in the judgment of the lower court and it is affirmed.

All concur.