*In re* ADOPTION OF MYERS.

(*Jackson,* April Term, 1953.)

Opinion filed February 11, 1954.

Bess Blake, of Nashville, for appellant.

Chiapella & Kirkpatrick, of Memphis, for appellee.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal rises from a proceeding in criminal contempt in the Chancery Court of Shelby County. The alleged contempt was an incident of an adoption proceeding then pending in that Court. The petition for adoption was being heard under the provisions of Chapter 202, Public Acts of 1951. The young mother of the child, a girl 17 years old at the time of the hearing, had filed her verified, written consent and surrender of the child to a Mr. & Mrs. Myers for adoption before the Chancellor, as required by Sections 6-8 of the Act of 1951, and in accordance with Section 16 of said Act, an order of reference was had providing for the investigation of the parties and circumstances by the Director of Welfare for Shelby County. The alleged contempt arose out of this investigation.

The mother of the child, Dorothy Agent, reported to Mr. & Mrs. Myers, or to their attorney, that a Mrs. Zelma Dewett, a case worker of the Shelby County office of the State Department of Public Welfare, had called her on the telephone and told her that by surrendering her child for adoption without consulting the Department, she was breaking the law; and ordered her to regain possession of her child and reconsider her consent to its adoption, and told her that if the child was legally adopted it would have to be done through the Department, and under its direction.

Upon the report of this conversation, the lawyer for Mr. & Mrs. Myers filed the petition for citation for contempt against the Director of the State Department of Public Welfare, and against Mrs. Zelma Dewett, the case worker who had made the investigation. The citation issued and a hearing was had before the Chancellor on oral testimony, as result of which the Chancellor found that the Director of the Department of Public

Welfare was not guilty of contempt, but that Mrs. Zelma Dewett was guilty and fined her $25 for the offense.

On appeal to the Court of Appeals, that Court reversed on the ground that the decree for contempt was against the preponderance of the evidence. As is clear from the specific finding of the Chancellor in his decree, and from the opinion of the Court of Appeals, the issue is determined by determining the credibility of the mother of the child, Dorothy Agent, as against the credibility of Mrs. Zelma Dewett. If Dorothy Agent is telling the truth about what Mrs. Dewett said to her in the telephone conversation, Mrs. Dewett is guilty of contempt, and if Mrs. Zelma Dewett is telling the truth in denying that she said what Dorothy Agent says she said in that telephone conversation, she is not guilty of contempt.

In a case involving criminal contempt, the Chancellor sits as both Judge and jury, and his decree has the effect of a jury verdict. *State ex rel. Estes* v. *Persica,* 130 Tenn. 48, 168 S. W. 1056; *State ex rel. Anderson* v. *Daugherty,* 137 Tenn. 125, 191 S. W. 974.

In a recent case involving criminal contempt, this Court held:

"On the other hand unimpeached witnesses testify as to their acts in violation of the injunction. A question of fact was thus squarely presented to the Chancellor, and his decision of the credibility of the several witnesses whom he saw and heard, is final under the circumstances here. *Nashville Corp.* v. *United Steelworkers, etc.,* 187 Tenn. 444, 451-452, 215 S. W. (2d) 818, 821.

The Court of Appeals recognizes this finding of the Supreme Court, but in order to review the credibility of Mrs. Dewett and Dorothy Agent, respectively, it limits

the rule to the testimony of "unimpeached" witnesses. Having done so, the Court of Appeals finds the testimony of Mrs. Dewett credible, and that of Dorothy Agent incredible, and so reverses the Chancellor's decree. No authority is cited by the Court of Appeals for thus limiting the effect of the Chancellor's decision on credibility, and we hold that such limitation is erroneous. There is no difference in this aspect of a case involving criminal contempt, from an ordinary criminal case, except that the Chancellor exercises the power and performs the functions of the jury. This Court has repeatedly held in many recent cases, that the verdict of the jury establishes the credibility of witnesses, and it has never held, so far as we can find, that this rule was limited to witnesses whose credibility was unimpeached or unchallenged.

"Another well established rule must be kept in mind, this is, that the jury has seen and heard all witnesses for both sides and after seeing and hearing them has determined these issues against the plaintiff in error. Their credibility has thus been determined." *Batey* v. *State,* 191 Tenn. 592, 597, 235 S. W. (2d) 591, 593; *McGhee* v. *State,* 183 Tenn. 20, 23, 189 S. W. (2d) 826, 164 A. L. R. 617; *Ferguson* v. *State,* 138 Tenn. 106, 109, 196 S. W. 140.

"The jury saw and heard the witnesses testify and observed their demeanor on the witness stand, and the question of their credibility was settled by the verdict of the jury." *Robertson* v. *State,* 189 Tenn. 42, 44, 221 S. W. (2d) 532, 536.

"This is no more than a question of the credibility of the witnesses and is foreclosed by the verdict." *Turner* v. *State,* 188 Tenn. 312, 318, 219 S. W. (2d) 188, 191.

■ The difficulty here seems to stem from the proper definition of the word "impeach." An unimpeached witness, as the term was used by us in the opinion in *Nashville Corp.* v. *United Steelworkers, etc.,* supra, meant a witness whose testimony had not been challenged or assailed. It is true that in that case the testimony of the prosecuting witnesses was unchallenged, but it was not our intention to limit the finality of the Chancellor's finding on that account. Though the term "impeach" is often used as a synonym of discredit, this Court has recognized that strictly this is not the meaning of the term "impeach", which means to challenge or assail or attempt to discredit.

"The word 'impeach,' in its strictly proper signification, as applied to a witness, means an *attack* by character evidence directed against his general credit for veracity * * *." *Frank* v. *Wright*, 140 Tenn. 535, 542, 205 S. W. 434, 435.

In the present case it is true that the credibility of Dorothy Agent was impeached in the sense that it was assailed, challenged or attacked, but it was not discredited because the Chancellor was the final crediting authority, and despite the challenge, believed the testimony and specifically stated in the course of his opinion:

"* * * that the court further finds and believes the testimony of the said Dorothy Agent and does not believe that of the respondent, Zelma Dewett; that the Court further finds that the respondent, Zelma Dewett, did suggest or advise the said Dorothy Agent that she was proceeding with adopting out her child in an unlawful manner and that respondent, Zelma Dewett, further advised or sought to induce said Dorothy Agent to regain from petitioner and

the adopting parents her said minor child in violation of the court's orders. * * *"

After the credibility of the witness is challenged, the jury is the final arbiter of whether that challenge shall be given the effect of discrediting the witness and eliminating his testimony. In the present case, that final authority was with the Chancellor. To hold otherwise would be a dangerous restriction on the effectiveness of trial by jury.

Furthermore, on the present record, any other rule would be a practical impossibility, since the reviewing Court not only has not seen nor heard the witnesses testify, but does not know exactly what they said, since the bill of exceptions is in narrative form, and therefore, necessarily incomplete.

After the decree in the Chancery Court, Mrs. Dewett was in the Court of Appeals under a presumption of guilt, and the question there was not whether she had been proved guilty beyond reasonable doubt, but whether she, in the Chancery Court, had established her innocence by a preponderance of the evidence. *State ex rel. Anderson* v. *Daugherty*, supra.

On the issue of contempt, the preponderance of the evidence was established by belief on one of two witnesses. Since the Chancellor believed Dorothy Agent, and disbelieved Mrs. Dewett, that established the preponderance of the evidence, and justified the conviction of Mrs. Dewett for contempt.

The judgment of the Court of Appeals is reversed, and the decree of the Chancellor is affirmed at the cost of the respondent to the petition for certiorari.