LEO W. GRANT, JR.

*v.*

STATE OF TENNESSEE.

374 S. W. 2d 391

(*Knoxville,* September Term, 1963.)

Opinion filed January 8, 1964.

SIDNEY DAVIS, Clinton, HOBART F. ATKINS, Knoxville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, WALKER T. TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE DYER delivered the opinion of the Court.

■ Leo W. Grant, Jr., a duly licensed attorney of the Anderson County Bar, has been convicted under Section's 23-902(2, 4), T.C.A. for contempt of court for suborning perjury, i.e., for advising, counseling and encouraging others to testify falsely. This is a proper charge for a contempt proceeding. *Ricketts v. State,* 111 Tenn. 380, 77 S.W. 1076. In this opinion Leo W. Grant, Jr. will be referred to as, "defendant."

Woodford Redd, Ronald E. Angel, Herbert Langley and Troy Hess were indicted in Anderson County for illegally possessing, transporting and selling whiskey. Defendant was retained as counsel for these four and the cases were tried in a consolidated proceeding. The State offered proof these four at different times and separately sold whiskey to police officers at a local motel. These four under a plea of not guilty all took the stand and denied the charge of selling whiskey. The jury found all four guilty. A few months later these same four were indicted for perjury and upon the trial under the charge of perjury, each took the stand, and admitted they had perjured themselves in the whiskey trial on the advise of their attorney the defendant in the case at bar. These four were convicted of perjury. As a result four petitions for contempt of court were filed against defendant and the causes consolidated by agreement.

During the course of the trial defendant offered to introduce evidence in regard to a polygraph test he had taken. Upon objection by the State to this evidence the Trial Judge correctly excluded same, but did allow for the record certain questions and answers of defendant in regard to circumstances surrounding the taking of this polygraph test.

██ The results of a polygraph test are inadmissible in evidence and this would include the circumstances surrounding the taking or not taking of such a test by a defendant. *Marable v. State,* 203 Tenn. 440, 313 S.W.2d 451. Since this cause was heard by the Trial Judge, without a jury, we will proceed to decide the case, as if this evidence in regard to the polygraph test was not in the record. *Bowdon v. Bowdon,* 198 Tenn. 143, 278 S.W.2d 670. Assignments of error based upon this matter are overruled.

██ The Trial Judge at the time of rendering his judgment in the case, and again upon overruling the motion for a new trial, made certain statements, which are the basis of several assignments of error. These statements were not necessary either to the judgment or to the decision in overruling the motion for a new trial. In these statements the Trial Judge commented upon his impression of certain witnesses and how certain evidence affected him. It is our opinion, after a careful examination of these statements, that they reflect the deep seriousness with which the Trial Judge accepted this most difficult task where he is called upon to act as both judge and jury. The judgment entered is a valid judgment under the law and assignments of error based on these statements are overruled.

This brings us to the most serious question raised here on appeal. Defendant insists the evidence preponderates against the judgment. The strongest argument in support of this assignment is in regard to the credibility of the State's witnesses. It is insisted there was so much evidence reflecting adversely upon their credibility they simply could not be believed.

In this case the Trial Judge sat as both judge and jury and his judgment entered established the credibility of the witnesses the same as if a jury had returned a verdict. Further here on appeal the presumption of innocence has disappeared and the presumption of guilt affixed. The burden here then is on defendant to show the preponderance of the proof is against the verdict. *In re Adoption of Myers,* 196 Tenn. 219, 265 S.W.2d 12; *State ex. rel. Anderson v. Daugherty,* 137 Tenn. 125, 191 S.W. 974.

We have examined this record under the above rules by which we are bound here on appeal and do not find the evidence preponderates against the judgment. The substance of this matter is, that the four State witnesses testified the defendant advised and counseled them to swear falsely, upon their trial in the "whiskey" cases and the defendant denies he did so. A trial judge is in far better position than an appellate court to decide, under such circumstances, who is telling the truth. He has seen the witnesses on the stand and not only heard their answers, but also could see and hear how they responded. This is the reason for the rule, as in the case at bar, the judgment of the trial judge establishes the credibility of the witnesses. It is argued, which is true, there are many things in the record adversely affecting the credibility of these witnesses, but it is also true these same facts were before the Trial Judge.

Defendant was charged and tried for advising four men to perjure themselves. Four separate Petitions for Attachment for Contempt were issued against defendant, but all were consolidated into one contempt hearing. He was found guilty and sentenced to 10 days confinement and $50.00 fine for each "count," to run consecu-

tively. Therefore, cumulatively, defendant received 40 days in jail and a $200 fine. This appears to be error.

■ The evidence is uncontroverted that on the occasion defendant is alleged to have advised Redd, Angel, Langley and Hess to commit perjury these men were all together and were so instructed as a group, not individually. There is no evidence defendant ever advised, or even saw, these men separately. It would therefore appear defendant's actions constituted one single transaction, one contempt, and not four separate ones. *Patmore v. State,* 152 Tenn. 281, 277 S.W. 892, (1925), speaks to this point.

> "Even if it be conceded that two convictions and two punishments may be had in any case upon separate counts, the practice is not approved, and, certainly it must be clear that the offenses are wholly separate and distinct. Our own cases appear to prohibit the practice where the offenses grow out of one transaction and involve but one criminal intent." 152 Tenn. at 284, 277 S.W. at 893.

> "The principle upon which the decisions in these cases rest is that two or more separate offenses which are committed at the same time and are parts of a single continuing criminal act, inspired by the same criminal intent which is essential to each offense, are susceptible to but one punishment." 152 Tenn. at 286, 277 S.W. at 893.

This same principle has recently been reaffirmed by this Court in *Hardin v. State,* 210 Tenn. 116, 355 S.W.2d 105 (1961).

No case could be found which applied the above principle to an analogous situation. However it is significant

that all the cases found which allowed cumulative punishment, i.e., separate punishments for each count of contempt, were cases where the several violations occurred at separate and distinct times and did not occur from one single transaction as in the present case.

Despite the fact the present case does not, in all respects, resemble the situations of the cases cited, the above principle should be controlling here, as this situation appears to be within the spirit of the above principle, and no authority has been found which indicates a different result should be reached.

The judgment of the Trial Court in finding defendant guilty of contempt of court is affirmed. The punishment meted out is modified to require defendant to pay one fine of Fifty ($50.00) Dollars and serve one sentence of ten (10) days in the county jail.

BURNETT, CHIEF JUSTICE, not participating.