HOMER F. SNODGRASS and REX C. TURMAN,
Plaintiffs in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

395 S.W.2d 815.

(*Jackson,* April Term, 1965.)

Opinion filed July 12, 1965.

Ross & Ross, Savannah, for Homer F. Snodgrass.

Ray Hollis, Waynesboro, for Rex C. Turman.

George F. McCanless, Attorney General, Edgar P. Calhoun, Assistant Attorney General, for the State.

168

MR. JUSTICE DYER delivered the opinion of the Court.

This is an appeal by Homer F. Snodgrass and Rex C. Turman from the judgment of the Trial Court in finding each defendant guilty on two counts of contempt of court. The cases were heard together in the trial court and one opinion will suffice in this Court.

Homer F. Snodgrass is the Superintendent of the Public Schools in Hardin County and Rex C. Turman was employed as his Administrative Assistant. On 23 December 1963 Snodgrass was arrested and bound over to the grand jury on charges of driving while intoxicated and possession of whiskey. The next term of the grand jury was 16 March 1964.

There is evidence on 15 March 1964 Snodgrass made a telephone call to one Henry Williams to advise him that on the following day he (Snodgrass) had a case coming before the grand jury and anything Williams could do for him would be appreciated. There is also evidence the wife of Henry Williams was on the jury panel and his daughter had or might apply for a teaching position in the Hardin County Schools. The defendant Snodgrass denied making such a telephone call.

There is evidence defendant Snodgrass on 15 March 1964 made a telephone call to one, Joe Frank Sheffield, to tell him he had heard his wife might serve on the jury and he wanted to be sure she would not let the foreman of the grand jury prejudice her against him. Joe Frank Sheffield was employed as a school teacher in the Hardin County System. Defendant Snodgrass admitted making this call.

The evidence against defendant Turman is based on personal conversations had with Robert Gilkey and Jack Snelling who, at the time of the conversations, were prospective jurors. This defendant told Mr. Gilkey of the fine qualities of defendant Snodgrass; how a conviction would be a terrible blot on his record: and he would appreciate anything he (Gilkey) could do for defendant Snodgrass. This defendant told Mr. Snelling how he would hate to see defendant Snodgrass indicted and in fact he (Snodgrass) had joined the church and was a changed man since his trouble started. Defendant Turman admitted talking personally to these two men on the morning of 16 March 1964 to let them know of defendant Snodgrass' spiritual rebirth.

The first assignment of error alleges the evidence preponderates against the verdict.

In the recent contempt case of *Grant v. State,* 213 Tenn. 440, 444, 374 S.W.2d 391, 393 (1964) this Court said:

(T)he Trial Judge sat as both judge and jury and his judgment entered established the credibility of the witnesses the same as if a jury had returned a verdict. Further here on appeal the presumption of innocence has disappeared and the presumption of guilt affixed. The burden here then is on defendant to show the preponderance of the proof is against the vedict. *In re Adoption of Myers,* 196 Tenn. 219, 265 S.W.2d 12; *State ex rel. Anderson v. Daugherty,* 137 Tenn. 125, 191 S.W. 974.

The case of *Coleman v. State,* 121 Tenn. 1, 113 S.W. 1045 (1908) is similar to the case at bar. In the Coleman case defendant approached prospective jurors before they had been called to serve and this Court said:

The second point insisted upon is that the facts proven do not make out a case of contempt, because the parties approached were not members of the jury which tried the plaintiff in error. The argument is that the contempt in respect to tampering with jurors must fall under subsection 5 of the Code * * *. This is a mistaken view. The facts show a violation of subsection 4, being an unlawful interference with the process or proceedings of the court. *Sinnott v. State,* 11 Lea, 281; *Harwell v. State,* 10 Lea, 544.

These defendants were convicted under T.C.A. Sec. 23-902(5) which renders unlawful the wilful conversing with jurors in relation to the merits of the trial of which they are engaged, *or otherwise tampering with them.* (emphasis supplied). Though defendant Snodgrass did not converse directly with a prospective juror never the less his conduct was such to come within the meaning of "otherwise tampering with them" as this phrase is used in this statute. The defendant Turman conversed with two prospective jurors one of which did serve on the grand jury.

We conclude the evidence supports these convictions under T.C.A. 23-902(5) and the first assignment of error is overruled.

The second assignment of error alleges the failure of the Trial Court to quash the show cause order on the ground such was not supported by affidavit and did not provide specific notice of the offenses.

There is no statutory procedure in this jurisdiction in the matter of criminal contempts and generally the cases have adopted the procedure used in equity. In the early case of *Rutherford v. Metcalf,* 6 Tenn. 58 (1818) the

requirement of a sworn affidavit was recognized. In the case at bar there is no affidavit. The Trial Judge was advised of the possible jury tampering by an attorney and one of the persons approached and having received this information obtained the services of the Tennessee Bureau of Investigation to make a full report of the matter. This agency made a full report supported by signed statements of witnesses upon which the show cause order was issued.

 The principal reason supporting the requirement for a sworn affidavit is to protect persons from being brought into court on unfounded charges. In the case at bar the court, on its own motion, issued the show cause order based upon what the court considered reliable information. The court had in fact assured itself of the substance of the charges before issuing the show cause order. Further the defendants were served with notice of the charges (in the show cause order) and given ample opportunity to explain their conduct. In *Scott and Light v. State,* 109 Tenn. 390, 396, 71 S.W. 824 (1902) this court said:

> Attempts to interfere with the pure and efficient administration of justice in the courts of the country merit the severest condemnation and punishment, and persons charged therewith, and whom the facts show to be morally guilty, cannot be allowed to escape punishment on mere technicalities, when the record shows, or can legally be made to show, that the substantial requirements of the law have in other respects been complied with in the proceedings which such persons have sought to divert. 109 Tenn. 396, 71 S.W. 825.

We do not think, under these circumstances, the failure to support the show cause orders with an affidavit was

prejudicial to the defendants. The second assignment of error is overruled.

■ The third assignment of error filed only in the case against defendant Snodgrass is as follows:

The court erred in failing to recuse himself upon motion of the defendant, for the reason that the court had prejudged the case, and so stated in what is designated as the ''show cause order'' in this cause, wherein the Court had found the defendant, Homer F. Snodgrass, was guilty of an attempt to influence jurors before the hearing of any evidence, and the court had, by this statement made in the order, already adjudged the defendant guilty of contempt prior to the hearing of the cause.

The show cause order, directed to the sheriff, sets out the facts and then directs the defendant be brought forth: *''that we may inquire into these charges and determine whether or not these reports are true.''* (emphasis supplied) We do not think this order indicates the Trial Judge had in fact prejudged the case. The third assignment of error is overruled.

The fourth assignment of error is as follows:

The court erred in finding and adjudging the defendants were each guilty of two separate acts of contempt and assessing a jail sentence of more than ten days and a fine of more than fifty dollars, the court being limited to fixing a fine of fifty dollars by the Constitution of the State of Tennessee, and by statute to a jail sentence of only ten days.

■ The Trial Judge issued one show cause order against each defendant and upon the hearing found as follows: That defendant Snodgrass was guilty of at-

tempting to influence the prospective juror Mrs. Joe Frank Sheffield; and also guilty of attempting to influence the prospective juror, Mrs. Henry Williams. The Trial Judge found each of these acts were separate and distinct violations of T.C.A. 23-902 and assessed a fine of $50.00 for each violation or a total of $100.00 and a sentence of 10 days for each violation or a total of 20 days. This same sentence was meted out to defendant Turman upon a finding his conversations with two prospective jurors were separate and distinct violations of this same code section.

The defendants take the position the show cause order only charged one offense, that is, interference with the process of the court by attempting to influence certain prospective jurors; and such being the case regardless of the means or number of times a defendant might have talked to a juror there would still be only one contempt, not two separate contempts. The State takes the position the two telephone calls made by defendant Snodgrass to influence prospective jurors were in fact two separate acts of contempt; and likewise the two conversations had with prospective jurors by defendant Turman.

The contemnor in the case of *Grant v. State,* 213 Tenn. 440, 374 S.W.2d 391 (1964) advised four men to commit perjury in a criminal action pending against them. The facts were the contemnor (an attorney) had these four men in his office at the same time and instructed them as a group. This was held to be one act of contempt since it was a single continuing criminal act inspired by the same criminal intent.

In the case at bar there was but one criminal intent but there were two separate acts committed at different times. The test as to the number of contempts

is the means and not the end. In other words each separate attempt to influence a juror would constitute a separate contempt. The fourth assignment of error is overruled.

In support of their respective positions defendants and the State both cite the case of *Coleman v. State,* 121 Tenn. 1, 113 S.W. 1045 (1908). In the Coleman case there were three convictions for contempt based upon three separate conversations with prospective jurors. It is the defendant's position, even though there were three separate convictions, there was only one fine of $50.00 and one sentence of 10 days, which could support defendant's position there can be only one fine and one jail sentence in the case at bar. The position of the State is that there was a fine of $50.00 and a 10 day jail sentence in each of the three cases. The language causing the difficulty is the first two sentences of this opinion as follows:

The plaintiff in error was proceeded against in the criminal court of Hamilton county for contempt, was convicted in each of the three cases, fined $50, and sentenced to 10 days' confinement in the county jail. From each of these judgments he has appealed to this court and assigned errors. 121 Tenn. 1, 113 S.W. 1045.

The particular point at issue here in the case at bar was not at issue in the Coleman case and any statements made in the Coleman case on this point would at best be dictum. While we agree with the State on the interpretation of this language in the Coleman case, as it applies to the issue here, nevertheless our decision on this point is not made on authority of the Coleman case.

▉▉ The fifth assignment of error filed only in the case of defendant Turman is as follows:

The Trial Judge erred in failing to dismiss the attachment on the ground the show cause order failed to specify the names of the jurors defendant Turman had allegedly attempted to influence.

In support of this assignment counsel cites a number of cases involving the sufficiency of an indictment in a misdemeanor case. The requirements of sufficiency necessary to sustain an indictment in a misdemeanor case do not exist in the law of criminal contempt in this State. *Black v. State,* 7 Tenn.Civ.App. 93. We think the notice given defendant Turman, in the show cause order, was sufficient to alert him of the particular charges brought against him.

The judgments are affirmed.