**MEMPHIS BANK AND TRUST COMPANY and Reginald Bryan Dillard, Plaintiffs-Appellees,**

v.

**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section, at Jackson.

April 28, 1981.

Application for Permission to Appeal Denied by Supreme Court July 13, 1981.

Don G. Owens, Jr., Memphis, for defendant-appellant.

Gary L. Jewel, William P. Kenworthy, Memphis, for plaintiffs-appellees.

NEARN, Judge.

This is an appeal from a Chancery jury verdict against the automobile insurer for the value of the vehicle, plus a bad faith penalty.

Eight issues are presented for our consideration. Counsel for appellant states in his brief: "Issues 1, 2 and 3 refer to the mechanics of the trial. They are cited because it is felt they are genuine issues and in an effort to cite all issues; further, they, individually or collectively, constitute errors, harmful or otherwise, and are submitted for the Court's decision. It is felt that this type of issue is not conducive to argument and, therefore, these issues are herewith submitted." We find that the "issues" are not conducive to discussion either, and we decide them adversely to appellant.

The remaining five complaints taken together raise three issues which are:

(1) Did the Trial Judge err in refusing to admit evidence regarding a polygraph test.

(2) Did the Trial Judge err in submitting the issue of bad faith to the jury.

(3) Is there any evidence from which the jury could properly arrive at a value for the stolen vehicle.

On September 10, 1977, Reginald Bryan Dillard purchased a new Ford Bronco which was financed through the Memphis Bank and Trust Company. The vehicle was insured against theft by the defendant Tennessee Farmers Mutual Insurance Company, with a loss payable clause providing for payment of loss to Dillard and the Bank as their interests may appear.

The plaintiffs alleged that on December 12, 1977, the insured vehicle was stolen. Subsequently, proof of loss was filed and demand made for payment. The insurer refused payment and this suit by the Bank and owner resulted.

The following issues of fact were submitted to the jury, with their responses as indicated.

(1) Was a 1977 Ford Bronco, belonging to the Plaintiff, Reginald Dillard, stolen on or about December 2, 1977? Answer: Yes.

(2) If your answer to issue number one is "yes", what was the value of said vehicle at the time it was stolen? Answer: $6,500.00.

(3) Has the Defendant insurance company acted in bad faith in refusing to pay the Plaintiff's claim? Answer: Yes.

(4) If your answer to number three is yes, what amount, not exceeding twenty-five percent of the loss should be assessed against the Defendant insurance company for additional expenses, loss and injury occasioned to the Plaintiffs? Answer: Twenty-five percent, $1,625.00.

The basis of the insurer's refusal to pay was the failure of the plaintiff to pass, to the satisfaction of the insurer, the polygraph or psychological stress valuation tests. All evidence regarding the taking of the tests or their results was excluded from the jury. However, such evidence has been preserved in the record and shows that the plaintiff Dillard voluntarily submitted to the initial tests. From these tests, the party who administered same concluded that deceptive and untruthful answers were given by Dillard to the following questions:

"Do you have any idea where your Bronco is now?

"Did you help or plan with anyone to steal your Bronco?

"Did you have anything to do with the disappearance of your Bronco?"

The results of the testing were the sole basis for the insurer's refusal to pay. The insurer has never had any other information which would indicate a false claim was being made, other than a "gut feeling" precipitated by the test results. At the trial, the insurer could not show that the vehicle was not stolen, furthermore, it was forbidden by the ruling of the Court from giving its only reasons for refusal to honor the claim, thus the defendant insurer adduced no proof at the trial.

▮ As should now be perceived the real issue on appeal is the admissibility of the results of a polygraph test, freely taken by the insured, to rebut a charge of bad faith in refusing to pay. Stated another way, the question is whether an insurer may show the results of a lie detector test when such test is voluntarily taken by the insured, as evidence of a good faith reason for the refusal to pay a claim. We hold such evidence is not admissible.

The reliability of polygraph tests is in general legal disrepute. See 23 A.L.R.2d 1306. And, the Tennessee Supreme Court has specifically recognized their unreliability. See *Grant v. State*, (1964) 213 Tenn. 440, 374 S.W.2d 391; *Marable v. State*, (1958) 203 Tenn. 440, 313 S.W.2d 451. If such tests are unreliable evidence in criminal cases, we see no reason why they should become reliable in civil cases. Unreliable evidence is unreliable evidence in any forum.

▮ Counsel for appellant argues that in this civil case, the insurer is not using the polygraph test to prove the truthfulness of plaintiff Dillard's answers, but to show a

valid rationale by the insurer for refusing to pay the claim. Thus, appellant thinks the evidence should be admissible for that purpose. We think not. Such evidence has been judicially declared unreliable in law and in fact. This being true, the Court should not permit the introduction of admittedly unreliable evidence as the sole basis of an allegedly good faith act by an insurer. Good faith is characterized by reasonableness. It is not reasonable to act on evidence known to be unreliable. Consequently, such evidence standing alone cannot be the basis of a good faith act.

We believe the soundness of this holding can be evidenced by analogy. If the sole reason for a refusal to pay was what appeared to be nervousness in the insured in answering questions, would a jury be justified, on that evidence alone, in finding that the insurer could refuse to pay in good faith and with impunity? We think not. If a jury did so find, we believe its verdict would be set aside on the grounds that there was no material evidence to sustain it. We see little, if any, distinction to be made between visible material reactions to questions and those electronically monitored. Conclusions drawn therefrom are simply unreliable evidence.

We have not failed to consider the case of *Walker v. Tenn. Farmers Mutual Ins. Co.,* 568 S.W.2d 103 (Tenn.App.), discussed by the parties in their briefs. It is an excellent opinion, but does not address the problem here presented. The *Walker* case dealt with the question of the right of an insurer to require an insured to submit to a polygraph test. In this case that question is not presented as the insured voluntarily submitted to the test.

Since we hold that the Trial Judge did not err in refusing to admit evidence regarding the polygraph test, it must follow that he did not err in submitting the issue of bad faith to the jury. As to the issue regarding proof of damages, we find evidence in the record from which the jury could fix the value of the insured's vehicle at $6,500.00.

The result is that we find all issues in favor of appellee and affirm the judgment below. The costs of appeal and below are adjudged against the appellant for which execution may issue, if necessary.

Done at Jackson in the two hundred and fifth year of our Independence and in the one hundred and eighty-sixth year of our Statehood.

MATHERNE, J., and STEGALL, Special Judge, concur.