Morris Radford DONEGAN, Petitioner,

v.

Billy McWHERTER, etc., et al.,
Respondents.

Civ. A. No. 3:86–0544.

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 30, 1987.

Henry A. Martin, Federal Public Defender, Nashville, Tenn., for petitioner.

Albert L. Partee, III, and Jerry Smith, Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE OF PROBABLE CAUSE

NEESE, Senior District Judge,
Sitting by Designation and Assignment.

The petitioner Mr. Morris Radford Donegan applied *pro se* for the federal writ of habeas corpus, claiming that he is in the custody of the respondent-warden pursuant to a judgment of his conviction of June 23, 1983 in the Criminal Court of Tennessee for its 18th judicial district (comprising Sumner County) in violation of the federal Constitution, Sixth Amendment, Right to the Assistance of Counsel Clause and Right to an Impartial Jury Clause, and Fourteenth Amendment, sec. 1, Right to the Due Process of Law Clause. 28 U.S.C. secs. 2241(c)(3), 2254(a). The respondent concedes the exhaustion of available state-remedies as to the issues presented herein.

The respondent moved for a summary judgment, Rule 56(b), F.R.Civ.P. There is no requirement herein for an evidentiary hearing, Rule 8, Rules—sec. 2254 Cases, and this Court will perform its statutory duty of disposing of this application as law and justice require, 28 U.S.C. sec. 2243, pretermitting such motion.

Mr. Donegan was convicted of the aggravated rape of his daughter. The pertinent historical facts herein, stated by the Court of Criminal Appeals of Tennessee, follow:

The victim [Mr. Donegan's daughter] testified about several episodes of [sexual] abuse and more particularly about being forced to engage in vaginal intercourse with the defendant in the fall of 1982, of being forced to commit fellatio upon him on November 25, 1982, and of being forced to submit to anal penetration by the defendant on December 30, 1982.

The victim further testified that the defendant made her view pictures of naked women in a Hustler magazine and that the defendant told her she would have to start looking at these type[s of] magazines.

The victim testified that after the defendant had anal penetration of her on December 30, 1982, he forced her to come into the bedroom of the defendant and his wife, the victim's mother, where she was required to watch her mother commit fellatio upon the defendant and to watch as they engaged in intercourse.

The victim's mother testified to the occurrence, and the defendant also testified that this did occur.

The defendant testified and denied all of the evidence introduced against him with the exception of the sexual occurrence between him and his wife in the presence of the victim.

*State of Tennessee, appellee, v. Morris Donegan,* appellant, no. 84–10–111, in the Court of Criminal Appeals of Tennessee, op. of May 8, 1984, pp. 1–2.

## I.

Mr. Donegan claims that the trial Court erred in allowing the introduction into evidence of the *Hustler* magazine, a blank diary, and the foregoing testimony pertaining to the sexual contact between him and his wife and daughter. These claims pertain to evidentiary issues, and "[evidentiary issues do not support a petition under [28 U.S.C.] sec. 2254 unless the introduction of such evidence violates a specific federal constitutional provision.]" *Freeman v. Mabry,* 570 F.2d 813, 814 n. 2 (8th Cir. 1978), *cert. den.* 439 U.S. 845, 99 S.Ct. 142, 58 L.Ed.2d 146 (1978), citing *Spencer v. State of Texas,* 385 U.S. 554, 568–569, 87 S.Ct. 648, 656, 17 L.Ed.2d 606 (1967).

Mr. Donegan asserts that the admission of the evidence complained of hereinabove constituted a violation of his federal-constitutional right to due process of law. Constitution, Fourteenth Amendment, sec. 1, Right to Due Process of Law Clause. "As applied to a criminal trial, denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it [the Court] must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevent a fair trial." *Lisenba v. People of State of California,* 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166 (1941), *reh. den.,* 315 U.S. 826, 62 S.Ct. 620, 86 L.Ed.2d 1222 (1942)

■ This Court FINDS from the record that the introduction of the complained-of evidence did not deprive Mr. Donegan of a fair trial. The Court of Criminal Appeals of Tennessee found that:

The state's evidence shows that the defendant entered upon a systematic course of sexuality violating the victim. The evidence that he forced the child to watch sexual acts between her parents and to view a patently sexually oriented magazine were relevant on the issue of his continued unlawful acts upon the victim.

*State of Tennessee, appellee, v. Morris Donegan,* appellant, *supra,* at p. 2.

The Court presumes that finding to be correct, 28 U.S.C. sec. 2254(d). Under Tennessee law, evidence of a systematic course of conduct is admissible as tending to prove the crime for which Mr. Donegan was being tried. *See: Carroll v. State,* 212 Tenn. 464, 370 S.W.2d 523, 529[8] (1963).

■ The Court FINDS further from the record that the introduction of the blank diary into evidence was proper and did not amount to a denial of Mr. Donegan's right to the federal due process of law. Mr. Donegan's daughter testified at trial that she had written in her diary about the abuse inflicted upon her by her father and wrote also that he was "not one of her favorite people." She testified also that, when Mr. Donegan read the foregoing, he became very angry at her and tore the page from the book. (She had not made apparently any other entries in the diary).

The trial transcript reveals that it was clear that a page had been torn from the diary. The Court of Criminal Appeals of Tennessee found the diary admissible as relevant in the explanation of Mr. Donegan's relationship with his daughter, a finding also presumed by this Court to be correct. *Id.*

Mr. Donegan claims in addition that, even considering the above-controverted evidence, there was still insufficient evidence to convince a reasonable mind of his guilt. "[I]n a challenge to a state criminal conviction brought under 28 U.S.C. sec. 2254 ... the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no

**157**

rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791–2792, 61 L.Ed.2d 560 (1979), *reh. den.*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979). In order to make the above determination the Court is required to view "the evidence in the light most favorable to the prosecution." *Id.* 443 U.S. at 319, 99 S.Ct. at 2789.

■ To have convicted Mr. Donegan of aggravated rape, the jury was required to have found that he penetrated his daughter sexually, and that she was less than thirteen years of age at the time of that penetration. T.C.A. sec. 39–3–603. There was never a dispute over the fact that his daughter was under thirteen years of age when all of the alleged acts occurred.

Regarding whether or not the alleged acts in fact occurred, it was basically Mr. Donegan's word, that he did not commit the acts, against his daughter's word, that he did. The medical testimony was beneficial to neither party, because the examining physician testified that he was unable to determine whether the daughter had or had not been penetrated sexually as alleged in the indictment.

Considering the daughter's testimony, which was quite detailed and contained no inconsistencies or contradictions, along with the previously-detailed evidence of Mr. Donegan's conduct of sexuality, this Court is unable to say that no rational trier of fact would have believed her allegations and have found Mr. Donegan guilty beyond a reasonable doubt. Thus, the evidence was sufficient.

■ Mr. Donegan claims further that the trial judge abused his discretion in ordering him to serve consecutive sentences on multiple counts of the indictment. This is a question of state law. Errors of state law may not be entertained by a federal court in a habeas corpus proceeding unless, of course, such error is so egregious that it results in a denial of the equal protection on the due process of the law guaranteed

by the federal Constitution, Fourteenth Amendment. *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 875, 79 L.Ed.2d 29 (1984). This purported error was not of that magnitude, and this Court hereby FINDS that Mr. Donegan was in no way denied due process of law in his trial.

II.

Mr. Donegan claims that he was denied therein the assistance of counsel guaranteed him by the federal Constitution, Sixth Amendment, in that his trial counsel was ineffective in the following areas:

1. failure to adequately consult with Mr. Donegan on his case,

2. failure to pursue a polygraph test,

3. failure to object to the state's reference to a tattoo on Mr. Donegan's chest,

4. failure to put on an alibi defense; in particular, failure to call his youngest daughter to testify, and

5. failure to make a final argument.

The Right to the Assistance of Counsel is the right to the effective assistance of competent counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, [10], 25 L.Ed.2d 763 (1970).

In *State of Tennessee*, appellee, v. *Morris Radford Donegan*, appellant, no. 85–78–III in the Court of Criminal Appeals of Tennessee, it was found *inter alia* in its opinion of November 15, 1985 (at pp. 3–4) that the petitioner's "trial counsel adequately 'consulted' with the appellant, [and] 'properly investigated' the case." That finding is presumed to be correct, 28 U.S.C. sec. 2254(d), as none of the conditions of sub-secs. (1)–(8), inclusive, is claimed by the petitioner.

■ The alleged failure of such counsel to pursue a polygraph test does not amount to ineffective representation, because "the results of a polygraph test are inadmissible in evidence." *Grant v. State*, 213 Tenn. 440, 374 S.W.2d 391, 392[2] (1964). Mr. Jones can hardly be classified as incompe-

tent for failing to pursue a test unadmissible in evidence.

■ Mr. Donegan's assertion that his counsel was ineffective, in not objecting to the state's reference to his tattoo, is without merit also. In order to establish ineffective assistance of counsel, Mr. Donegan is required to show, not only that his attorneys' performance was deficient, but also that such deficient-performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 699, 104 S.Ct. 2052, 2064[5], 80 L.Ed.2d 674 (1984).

Assuming *arguendo* that the reference to the tattoo was objectionable as irrelevant and that Mr. Jones was deficient in failing to object to such reference, Mr. Donegan suffered no prejudice therefrom. That reference in no way detracted from his defense of the general issue of not guilty as charged.

■ Regarding Mr. Donegan's allegations that his counsel was incompetent in failing to prove an alibi, particularly by calling the petitioner's youngest daughter to testify, and that he was incompetent in failing to make a final argument, the Court finds these claims to have no merit. Mr. Jones testified that he saw no advantage in calling Mr. Donegan's daughter, who was six years old at the time of the trial, as a witness because he felt that due to her young age, her testimony would be of no value to Mr. Donegan's case; he stated furthermore that, given the continuing nature of the offenses charged, a defense of alibi was not available.

Trial counsel was making tactical decisions in those regards as well as in pretermitting a closing argument. He testified that, because he deemed the prosecuting attorney made a comparatively weak opening argument, he decided it would be better to avoid the state's closing argument, expected to be much stronger.

"Ineffective assistance of counsel cannot be found on the basis of the attorney's trial decisions such as the calling of witnesses in investigation of possible defenses, when the decisions are based on valid tactical consideration. The rationale behind this policy is that the 'exercise of defense attorney's professional judgment should not be second guessed by hindsight.'" (Footnote references omitted.) *Orr v. Schaeffer*, 460 F.Supp. 964, 968, [5] (D.C.N.Y.1978). Thus, this Court FINDS that Mr. Donegan was "represented by 'counsel reasonably likely to render and [who] render[ed] reasonably effective assistance.'" (Citations omitted.) *United States v. LaRiche*, 549 F.2d 1088, 1095[11] (6th Cir.1977), *cert. den.*, 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed. 383 (1977).

### III.

Mr. Donegan seeks relief from an alleged improper jury selection in violation of the federal Constitution, Sixth Amendment. He claims that he knew one of the members of the jury that convicted him and that during *voir dire*, such juror stated that he had been discussing the case. Mr. Donegan makes no allegation that he was prejudiced because this particular person served on the jury.

■ This Court cannot infer prejudice-and-error of constitutional proportion based simply on the assertion that a member of the jury was familiar with Mr. Donegan and had been discussing the case. *Altizer v. Paderick*, 399 F.Supp. 918, 925[3] (D.C. Vir.1975), *aff'd.*, 542 F.2d 1250 (4th Cir. 1976). Therefore this Court FINDS that there was no violation of the federal Constitution in the selection of a jury for the petitioner.

The petitioner Mr. Morris R. Donegan hereby is DENIED all relief. Judgment to that effect will be entered by the clerk, Rule 58(1), F.R.Civ.P.

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed in forma pauperis. Rule 24(a), F.R.Civ.P. Any such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P., which WILL

issue because of the multiple legal issues implicated herein. *Id.*