STATE of Tennessee, Appellee,

v.

Henry Darnell PLUMMER, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

June 30, 1983.

Permission to Appeal Denied by Supreme Court Oct. 11, 1983.

Jerry Michael Mosier, Henderson, William H. Brown, Jackson, for appellant.

William M. Leech, Jr., Atty. Gen. and Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, James G. Woodall, William L. Brooks, R.C. Stegall, Asst. Dist. Attys. Gen., Jackson, for appellee.

## OPINION

DWYER, Judge.

This appeal as of right arises from the appellant's conviction for murder in the first degree with a sentence of life imprisonment. The appellant's motion for change of venue from Henderson County to Madison County for trial was granted.

The issues: (1) whether the trial court erred in denying individual voir dire of prospective jurors; (2) whether the trial court erred in refusing to admit the results of appellant's polygraph test; (3) whether the appellant may challenge the constitutionality of the death penalty statutes or contend that the trial court erred in refusing to allow individual rehabilitation of jurors who stated that they could not impose the death penalty; (4) whether the evidence was sufficient to sustain the jury's verdict; and (5) whether the appellant's allegation of improper argument by the prosecutor may be considered on appeal.

The evidence: In the early morning hours of September 25, 1981, Lexington Police Chief Richard Carrington arrived at 454 Franklin Street in response to a call. Upon his arrival, he learned that the appellant, a casual acquaintance of his, was armed and holding a hostage within the house. Through negotiations with appellant, Chief Carrington was able to achieve the release of the captive, Cynthia Tole. The chief then attempted to talk appellant into surrendering. During the conversation, Carrington took his shirt off in order to show that he was unarmed. With his hands either in the air or behind his head, he stepped onto the porch and approached appellant, who was standing in the doorway. At this point, appellant fired a single blast from a .410 caliber shotgun, striking the chief in the left side of his chest from a distance of two to three feet and causing almost instantaneous death. Appellant then fired on another officer, who returned fire and shot the gun out of appellant's hand. He was then taken into custody.

Cynthia Tole, who was appellant's girl friend, testified for the State. She told the jury that appellant had taken her brother's shotgun, struck her, and commanded her at gunpoint to call and get the chief to come to the house, stating, "I'm going to kill him." She testified that he threatened to kill her if she did not call Carrington. Another witness, Ms. Tole's sister, related that shortly before the shooting, appellant told the chief, "I'm going to kill you." A Lexington police officer testified that appellant told him less than a month before the shooting that if the chief messed with him again he would kill him.

The appellant testified that he and the chief were friends. Carrington had loaned him money and helped him look for a job. He stated that on the date of the shooting he had been drinking and feeling depressed. After an argument with his girl friend, he had gotten her brother's shotgun. Appellant admitted that he pointed the gun at her but denied any intent to harm her and denied threatening to kill the chief. He related that he was nervous and upset when

talking with Carrington and that the gun accidentally discharged as he was attempting to surrender it.

A clinical psychologist called as a defense witness testified that appellant suffered from a personality disorder but was not insane at the time of the slaying and was competent to stand trial.

■ The first issue: The trial court denied appellant's pre-trial motion to voir dire each juror individually. The control of voir dire is within the sound discretion of the trial court. *State v. Jefferson,* 529 S.W.2d 674, 682 (Tenn.1975); Tenn.R.Crim. P. 24(a). Absent a showing of prejudice, there is no error in the exercise of this discretion. *See State v. Simon,* 635 S.W.2d 498, 506 (Tenn.1982). Moreover, the jury voir dire is not in the record. In its absence, we may presume that the venire was properly chosen, fair and impartial. *Vermilye v. State,* 584 S.W.2d 226, 230 (Tenn.Cr. App.1979). This issue is overruled.

■ The second issue: Appellant is aggrieved by the trial court's refusal to admit the results of his polygraph test. Evidence was developed in a jury-out offer of proof that the test had been ordered by the State. Appellant concedes that the test has been held inadmissible. *Grant v. State,* 213 Tenn. 440, 443, 374 S.W.2d 391, 392 (1964). Nevertheless, it is his position that since the State ordered the test, its favorable results should h ave been admitted into evidence. The State counters that the competency of the test is not governed by the identity of the party who seeks the results but by the belief that the test is inherently unreliable. *See Crawley v. State,* 219 Tenn. 707, 413 S.W.2d 370 (Tenn.1967). We agree with the State. This issue is overruled.

■ The third issue: Appellant's contentions with regard to the death penalty are moot because the jury in this case chose not to impose that sentence. *State v. Jefferson, supra.* Moreover, the Tennessee Supreme Court has held the penalty to be constitutional. *State v. Melson,* 638 S.W.2d 342, 368 (Tenn.1982). Moreover, with the voir dire being absent from the record, any

*Witherspoon* violations are not reviewable. The issues are overruled.

■ The fourth issue: There is evidence in the record that appellant stated his intention to kill the officer on at least three occasions: once within a month prior to the shooting in a statement to another police officer, once while forcing Cynthia Tole to call the police, and once in a statement to the victim himself. These facts are ample to support the premeditation necessary to prove first-degree murder. The jury heard the defense that the gun went off accidentally and has by its verdict rejected that theory. Likewise, the jury has rejected the defense of intoxication. It is true that the parties stipulated that appellant's blood alcohol content was .18 percent when tested after the slaying. However, voluntary intoxication will only negate a jury finding of first degree murder when the accused is so drunk that he is unable to form a deliberate and premeditated design to kill. *State v. Bullington,* 532 S.W.2d 556, 560 (Tenn.1976). In this case, appellant admitted on cross-examination that he was sober enough to know what he was doing when he shot the officer. His testimony reflects a vivid recollection of the events on the night of the shooting. Other State's witnesses related that appellant may have been drinking but did not appear to be intoxicated. Finally, there is no proof in the record to support the insanity defense. Appellant's own expert witness testified that he was not insane on the night of the murder. The evidence overwhelmingly supports the verdict. This was a cold, calculating, senseless murder of an unarmed police officer who, while acting in the line of duty, was shot down while trying to assist this appellant. The evidence fully satisfies the requirements of T.R.A.P. 13(e). The issue is overruled.

■ The final issue: Appellant complains of remarks allegedly made by the prosecutor during his final argument. That argument is not in the record; therefore, this issue may not be considered on appeal. *State v. Foote,* 631 S.W.2d 470, 473 (Tenn.

Cr.App.1982). The issue overruled, the judgment of the trial court is affirmed.

O'BRIEN and SCOTT, JJ., concur.