**STATE of Tennessee, Appellee,**

v.

**Lloyd CAMPBELL, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 9, 1995.

Charles W. Burson, Atty. Gen. & Reporter, Eugene J. Honea, Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Dayton, Thomas D. Hembree, Asst. Dist. Atty. Gen., Jasper, Stephen H. Strain, Asst. Dist. Atty. Gen., Jasper, for appellee.

Paul D. Cross, Monteagle, for appellant.

## OPINION

JONES, Judge.

The appellant, Lloyd Campbell, Jr., was convicted of aggravated sexual battery, a Class B felony, by a jury of his peers. The trial court, finding that the appellant was a standard offender, imposed a Range I sentence of confinement for eight (8) years in the Department of Correction.

Ten issues are presented for review. The appellant contends that the trial court committed error of prejudicial dimensions because it:

a) denied his motions for judgment of acquittal made at the conclusion of (1) the state's case in chief and (2) all of the proof;

b) denied his motion for a bill of particulars;

c) denied his motion to strike the testimony of the victim when it became apparent

that the victim "was incapable of relating the facts accurately;"

d) denied his motion to require the victim to submit to a psychological examination;

e) denied his motion to include the provisions of Tenn.Code Ann. § 40–28–116(a)(2) in the charge given with regard to the range of punishment for the offense;

f) permitted the prosecution to introduce fresh complaint evidence;

g) permitted the victim to relate incidents of sexual abuse that were not charged in the indictment;

h) refused to permit the appellant to introduce evidence of the results of a polygraph test administered to the appellant, and denied his motion to require the victim to submit to a polygraph examination; and

i) established "an overly burdensome standard" for the admission of the results of psychological tests administered to the appellant.

The judgment of the trial court is affirmed.

The Grundy County Grand Jury returned a three count indictment against the appellant. Counts I and II charged the offense of aggravated rape. Count III charged the offense of aggravated sexual battery. The victim in each count, A.M., was under the age of thirteen when the offenses occurred. The trial court found that the state failed to prove penetration as alleged in Count I and entered a judgment of acquittal as to the offense of aggravated rape. The court charged the jury on the lesser included offense of aggravated sexual battery. The jury acquitted the appellant of the offenses charged in Count I and Count II, but convicted him of aggravated sexual battery, as charged in Count III of the indictment. Count III charged that on the _ day of October, 1991, the appellant "did unlawfully, (intentionally), (knowingly), engage in sexual contact with [A.M.], a (female) child less than thirteen (13) years of age, in violation of T.C.A. 39–13–504...."

The victim testified that in October of 1991, she was playing with her cousin in the bedroom of the appellant's residence. The

appellant came into the room, and ordered her to remove her clothing. He then vaginally penetrated the victim. In a statement given to an employee of the Department of Human Services, the victim stated that the appellant simply raised her shirt and rubbed her breasts on this occasion.

## I.

■ The appellant's contention that the trial court committed error of prejudicial dimensions in denying his motion for judgment of acquittal at the conclusion of the state's case in chief is devoid of merit. The appellant offered evidence in support of his defense rather than rest his case. Thus, the appellant waived this issue for purposes of appellate review. *Mathis v. State,* 590 S.W.2d 449, 453 (Tenn.1979); *State v. Smith,* 735 S.W.2d 859, 862 (Tenn.Crim.App.1987).

The contention that the trial court committed error of prejudicial dimensions in denying the appellant's motion for judgment of acquittal at the conclusion of all the evidence is equally without merit.

■ A motion for the entry of a judgment of acquittal presents a question of law which the trial court must determine. *State v. Hall,* 656 S.W.2d 60, 61 (Tenn.Crim.App. 1983). The only concern of the trial court is the legal sufficiency as opposed to the weight of the evidence. *Hall,* 656 S.W.2d at 61. In determining whether "the evidence is insufficient to sustain a conviction," Tenn.R.Crim.P. 29(a), at the conclusion of all the proof, the trial court must consider the evidence introduced by both parties, disregard any evidence introduced by the accused that conflicts with the evidence adduced by the state, and afford the state the strongest legitimate view of the evidence, including all reasonable inferences which may be drawn from the evidence. *Hall,* 656 S.W.2d at 61. An analysis of the evidence pursuant to this standard reveals that the trial court properly denied the appellant's motion for judgment of acquittal at the conclusion of all the evidence. The evidence was clearly sufficient to support a finding by a rational trier of fact that the appellant was guilty of aggravated sexual

battery beyond a reasonable doubt. Tenn. R.App.P. 13(e).

This issue is without merit.

## II.

The appellant moved the trial court pretrial for the entry of an order requiring the state to file a bill of particulars. He asserted in part that the date set forth in the indictment, i.e. "the ___ day of October, 1991," did not specify with particularity the date upon which the offense supposedly occurred. It is alleged that the appellant "cannot adequately defend charges not properly identified in terms of dates of occurrence." However, the appellant did not allege in the motion the reasons why the precise date of this incident was crucial to his defense. He also requested that the state "specify with particularity what alleged events constitute 'sexual contact' in Count 3." Again, he did not allege why this information was crucial to his defense.

The record reflects that the state made the victim available to defense counsel. Counsel interviewed the victim at length concerning the crimes alleged in the indictment; and he inquired into a multitude of collateral facts. A typed copy of the interview is contained in the record. In addition, the state furnished defense counsel with the two statements made by the victim to a social worker employed by the Department of Human Services prior to trial.

## A.

■ The purpose of a bill of particulars is to provide the defendant with enough information about the charge against him (1) to allow him to prepare a defense, (2) to avoid prejudicial surprise at trial, and (3) to enable him to preserve a plea of double jeopardy. *State v. Byrd,* 820 S.W.2d 739, 741 (Tenn. 1991); *State v. Perkinson,* 867 S.W.2d 1, 5 (Tenn.Crim.App.1992), *per. app. denied* (Tenn.1993). In *Byrd,* the Supreme Court recognized that in most child sexual abuse cases the state is unable to offer the specific date when an alleged offense occurred. 320 S.W.2d at 741. Nevertheless, a trial court should require the state to furnish what information it may possess concerning the time

when the offense was committed. *Byrd,* 820 S.W.2d at 741. Descriptive information can narrow the time-frame of the indicted offense. *Byrd,* 820 S.W.2d at 742. When the state lacks information to narrow the time-frame with descriptive references, an accused's conviction may be affirmed if it appears that the defense was not hampered by the lack of specificity. *Byrd,* 820 S.W.2d at 742; *State v. Anderson,* 748 S.W.2d 201, 204 (Tenn.Crim.App.), *per. app. denied* (Tenn. 1985).

■ In the case at bar, the trial court decided that a bill of particulars was not required. The indictment listed the year and approximate month of each of the three charged offenses. Therefore, the appellant's double jeopardy rights were adequately protected. Also, the appellant had interviewed the victim and had access to her other statements prior to trial. In defense counsel's interview with the victim, she described approximately when each incident occurred and some of the sexual acts that took place on each occasion. Consequently, the appellant should not have been surprised by the victim's testimony; and he should have been able to prepare his defense to the offenses alleged in the indictment. The record does not establish that the appellant was surprised or unprepared at trial.

This issue is without merit.

### III.

■ The appellant asserts that the trial court committed error of prejudicial dimensions by refusing to strike the testimony of the victim "when it became clear that she was incapable of relating the facts accurately." The record, however, does not support the appellant's contention.

While defense counsel was cross-examining the victim about an embarrassing personal matter, the trial judge interrupted to ask her a few questions. The judge asked a series of confusing questions to determine if she understood what it meant for one event to come before another event. The victim said that she did. The judge then asked her if she knew the *months of the year.* The victim responded by asking, perhaps rhetorically, if

August came before or after October, and then answering "[a]fter." The record is confusing as to why this conversation took place. Nevertheless, the trial judge was satisfied with her responses, because immediately after this exchange, he overruled defense counsel's motion to strike her testimony.

■ In this jurisdiction, a child under the age of fourteen years is presumed to be competent to testify at a trial or evidentiary hearing. Tenn.R.Evid. 601. However, this presumption may be rebutted. In this case, the appellant failed to successfully rebut this statutory presumption. Moreover, the trial court questioned the victim at length prior to trial to ascertain whether the witness was competent to testify. In determining that the victim was competent to testify as a witness, the trial court applied the rule that prevailed prior to the enactment of the Tennessee Rules of Evidence. *See State v. Ballard,* 855 S.W.2d 557, 560 (Tenn.1993). The common law rule was much stricter than Tenn.R.Evid. 601.

It is clear on the face of the record that the victim was competent to testify. Any confusion or inconsistencies in the victim's testimony were factors for the jury to consider when determining the weight to be given her testimony.

This issue is without merit.

### IV.

■ The appellant contends that the trial court committed error of prejudicial dimensions because the court refused to require the victim to submit to a psychological evaluation. This Court is of the opinion that the trial court did not abuse its discretion in denying the appellant's motion.

■ A trial court should not require a sex abuse victim to undergo a psychological examination unless the "most compelling of reasons" are established by the accused. *Forbes v. State,* 559 S.W.2d 318, 321 (Tenn. 1977); *State v. Ballard,* 714 S.W.2d 284, 287 (Tenn.Crim.App.), *per. app. denied* (Tenn. 1986). The phrase "compelling reasons" includes situations "where substantial doubt is cast upon the victim's sanity, or where there is a record of prior mental disorders or sexu-

al fantasies, or where the story is incredible, and even in these situations, only if there is little or no corroboration to support the charge." Consequently, a trial court should exercise its discretion sparingly when ruling upon a motion to require a victim to undergo a psychological examination in a sexual abuse prosecution. *Forbes,* 559 S.W.2d at 321.

In this case, the trial court correctly found that the inconsistencies in the victim's testimony did not present a "compelling reason" to require the victim to undergo a psychological evaluation. Thus, this issue is clearly without merit.

### V.

■ The appellant contends that the trial court committed error of prejudicial dimensions in permitting the state to introduce evidence of fresh complaint. The victim's teacher related what the child told her on the playground on March 4, 1992. The assistant principal related what the victim told her after the teacher reported the allegation of sexual abuse. A social worker employed by the Tennessee Department of Human Services related what the victim told her during interviews. The trial court gave a limiting instruction to the jury immediately following the introduction of the fresh complaint testimony given by the first witness. The court gave a second limiting instruction when the next witness completed her direct testimony.

The appellant filed pretrial motions seeking to exclude the statements made by the victim to these witnesses. The trial court advised the assistant district attorney general not to introduce fresh complaint evidence until the court considered the merits of the evidence at a jury-out hearing. During his opening statement, defense counsel apprised the jury of the many statements that the victim had made, that the statements were filled with inconsistencies, and he intended to use the statements to show that the victim should not be believed by the jury.

Before the assistant district attorney sought to elicit fresh complaint testimony

from the victim's teacher, he asked for and was granted a sidebar conference. Later, the jury was excused, and the fresh complaint evidence was elicited from the victim's teacher. Defense counsel subsequently advised the trial court: "I withdraw the objection." Counsel did not interpose another objection when the evidence was offered through the other witnesses.

When the appellant withdrew his objection, he waived this issue. Thereafter, it could not form the basis of a new trial; and it was waived for purposes of appellate review. Tenn.R.App.P. 36(a).

### VI.

■ The appellant moved the trial court to instruct the jury on the range of punishment for the offenses alleged in the indictment as well as the lesser included offenses contained in the charge of the trial court. Tenn.Code Ann. § 40–35–201(b).[1] The trial court summarily granted this motion. The appellant also moved the trial court to include the provisions contained in Tenn.Code Ann. § 40–28–116(a)(2) in its charge to the jury. This statute provides:

> No person convicted of a sex crime shall be released on parole unless a psychiatrist or licensed clinical psychologist has evaluated such an inmate and determined to a reasonable medical or psychological certainty that the inmate does not pose the likelihood of committing sexual assaults upon release from confinement. The evaluations shall be provided by psychiatrists or licensed clinical psychologists whose services are contracted for and funded by the board or the department.

The trial court refused to include this statute in the charge given to the jury.

In *Farris v. State,* 535 S.W.2d 608, 609–14 (Tenn.1976), the Supreme Court ruled that a statute which required the trial court to charge the jury regarding "certain powers and duties of the Board of Pardons and Paroles, good behavior allowances, and the

---

1. Tenn.Code Ann. § 40–35–201(b) (1990) provided: "In all contested criminal cases, except for capital crimes which are governed by the procedures contained in §§ 39–13–204 and 39–13–

205, upon the motion of either party, filed with the court prior to selection of the jury, the court shall charge the possible penalties for the offense charged and all lesser included offenses."

allowance of honor time" was unconstitutional because it was impermissibly vague and impossible to apply. In ruling, the Court said:

> Parole eligibility comes when the minimum sentence is served less all credits for good and honor time as calculated from the minimum sentence and subtracted from the minimum sentence—but his release is still discretionary with the Board of Pardons and Paroles.

> It is obviously impossible for any living human being to compute, prior to verdict, how much time any prisoner will serve and yet this is precisely what trial juries are called upon to do. Otherwise, there is no conceivable point to charging the jury as to these matters.

> Jurors should not be permitted to speculate on the length of sentences, discretionary parole, the accumulation of good and honor time and a whole conglomeration of contingent events which, if they come to pass at all, will come to pass in the future. . . .

> It tends to make a jury speculate on the length of time a convicted defendant will be required to serve and further tends to breed irresponsibility on the part of jurors premised upon the proposition that corrective action can be taken by others at a later date. A greater defect in the law stems from the fact that jurors tend to attempt to compensate for future clemency by imposing harsher sentences.

> The matter of the future disposition of a convicted defendant is wholly and utterly foreign to his guilt and is not a proper consideration by the jury in determining the length of his sentence.

535 S.W.2d at 613–614.

The applicable statute, Tenn.Code Ann. § 40–35–201(b), does not contemplate, much less require, that the trial court instruct the jury on the provisions contained in Tenn. Code Ann. § 40–28–116(a)(2). Moreover, the discussion in *Farris* is applicable in this case. Consequently, the trial court did not abuse its discretion in refusing to charge the jury with the provisions contained in § 40–28–116(a)(2).

This issue is without merit.

## VII.

The appellant contends that the trial court committed error of prejudicial dimensions when the court allowed the victim to testify about crimes which were not charged in the indictment. The trial court found, however, that the victim only testified about the offenses charged in the indictment.

The trial court did not abuse its discretion in overruling the appellant's objections. The record supports the trial court's findings that the testimony of the victim was limited to the offenses charged in the indictment.

This issue is without merit.

## VIII.

The appellant raises two issues concerning polygraph tests. He contends that the trial court committed error of prejudicial dimensions by (a) denying his pretrial motion for the entry of an order requiring the victim to submit to a polygraph examination, and (b) ruling that he could not introduce evidence of the results of his own polygraph examination.

Both issues pertaining to polygraph examinations have been waived. The appellant has failed to cite authority to support his argument on these issues. Tenn.R.App.P. 27(a)(7); Tenn.Ct.Crim.App. Rule 10(b).

The appellant candidly admits that he was not entitled to the entry of an order requiring the victim to submit to a polygraph examination. He states in his brief that "the case law does not support the use of polygraph examinations, or their results. . . ." The appellant also candidly admits that the result of a polygraph examination are not admissible as evidence. He states in his brief that he "concedes that the case law does not support this argument. The stated reason is that the results of polygraph examinations are not considered sufficiently reliable for consideration by the fact-finder."

It has long been established that the results of a polygraph examination are not admissible as evidence in a criminal prosecu-

tion. *State v. Irick,* 762 S.W.2d 121, 127 (Tenn.1988), *cert. denied,* 489 U.S. 1072, 109 S.Ct. 1357, 103 L.Ed.2d 825 (1989); *Grant v. State,* 213 Tenn. 440, 443, 374 S.W.2d 391, 392 (1964); *Marable v. State,* 203 Tenn. 440, 456, 313 S.W.2d 451, 458 (1958); *State v. Adkins,* 710 S.W.2d 525, 529 (Tenn.Crim. App.1985), *per. app. denied* (Tenn.1986); *State v. Elliott,* 703 S.W.2d 171, 177–178 (Tenn.Crim.App.), *per. app. denied* (Tenn. 1985); *State v. Delk,* 692 S.W.2d 431, 439 (Tenn.Crim.App.1985); *State v. Land,* 681 S.W.2d 589, 592 (Tenn.Crim.App.1984); *State v. Atkins,* 681 S.W.2d 571, 578 (Tenn.Crim. App.1984), *cert. denied,* 470 U.S. 1028, 105 S.Ct. 1395, 84 L.Ed.2d 784 (1985); *State v. Hailey,* 658 S.W.2d 547, 551 (Tenn.Crim. App.), *per. app. denied* (Tenn.1983); *State v. Plummer,* 658 S.W.2d 141, 143 (Tenn.Crim. App.), *per. app. denied* (Tenn.1983); *Nolan v. State,* 568 S.W.2d 837, 840 (Tenn.Crim. App.), *cert. denied,* (Tenn.1978); *Hembree v. State,* 546 S.W.2d 235, 240 (Tenn.Crim.App. 1976). The appellate courts of this state have consistently held that the results of such tests are "inherently unreliable." *Adkins,* 710 S.W.2d at 529; *Land,* 681 S.W.2d at 592; *Plummer,* 658 S.W.2d at 143.

 The fact that an accused either offered to take, took or refused to take a polygraph examination cannot be admitted as evidence. *Grant,* 213 Tenn. at 442–43, 374 S.W.2d at 392; *Marable,* 203 Tenn. at 456, 313 S.W.2d at 458–459; *Adkins,* 710 S.W.2d at 529. If a witness has taken a polygraph examination, the circumstances surrounding the taking of the examination are not admissible as evidence. *Land,* 681 S.W.2d at 592; *Delk,* 692 S.W.2d at 439. The examination of the accused pursuant to a state directive does not make this evidence admissible. *Plummer,* 658 S.W.2d at 143.

In *Grant,* the accused, as in this case, offered to introduce evidence regarding a polygraph examination that he had taken. The state objected to the introduction of this evidence. The trial court sustained the state's objection. In holding that the trial court properly excluded this evidence, the Supreme Court said:

> The results of a polygraph test are inadmissible in evidence and this would include

the circumstances surrounding the taking or not taking of such a test by a defendant. *Marable v. State,* 203 Tenn. 440, 313 S.W.2d 451. Since this cause was heard by the Trial Judge, without a jury, we will proceed to decide the case, as if this evidence in regard to the polygraph test was not in the record. *Bowdon v. Bowdon,* 198 Tenn. 143, 278 S.W.2d 670. Assignments of error based upon this matter are overruled.

213 Tenn. at 443, 374 S.W.2d at 392.

In *Nolan,* the accused, apparently indigent, moved the trial court for a "State administered polygraph examination." *Nolan,* 568 S.W.2d at 840. The trial court denied the motion. He argued that the denial of his request violated his right to due process and equal protection. In holding that the trial court properly denied the motion, this Court said:

> This assignment of error is overruled for two reasons. First, polygraph test results are inadmissible at trial.... Thus, even a non-indigent defendant cannot introduce at trial any polygraph test results. Second, an indigent defendant is not entitled to state funds to pay for a polygraph test for the purpose of aiding investigation and pretrial negotiations....

568 S.W.2d at 840.

In *Hailey,* the accused moved the trial court to compel the state to "conduct a polygraph examination on him." *Hailey,* 658 S.W.2d at 551. The trial court denied the accused's motion. In ruling that the trial court correctly denied the motion, this Court said:

> We find no error ... in the trial court's decision in this matter. The principle is well established in Tennessee that the results of a lie detector test are inadmissible in evidence.... No defendant, whether indigent or non-indigent, can introduce polygraph test results at trial.... The limited utility of such suspect evidence militates against the disbursement of state monies for such a purpose. This issue has no merit.

658 S.W.2d at 551.

Both issues are clearly without merit.

## IX.

A psychologist was retained to test, examine and evaluate the appellant following his arrest. The psychologist's summary, which is included in the record, states in part:

> The reader is referred to the attached research studies done on the MMPI [test] profile scales. This gentleman's profile is unlike those individuals who are admitted sex offenders or abusers of any type. Mr. Campbell's responses, compared to the normal population, were completely within the normal range.... [T]he MMPI [test] is well known for identifying potential aggressive individuals in various realms, which includes sexual acting-out, aggression, and psychopathology of all types.

The opinion expressed by the psychologist is predicated solely upon the interview with the appellant and the results of the MMPI test given to the appellant.

During a jury-out hearing, defense counsel advised the trial court that he intended to call the psychologist "[f]or the purpose of showing that he [the appellant] did not suffer from a diagnosis of mental illness." Later, defense counsel asserted that he wanted to establish that the appellant did not have "the propensity" to commit crimes involving the sexual abuse of children. The trial court ruled that the testimony of the psychologist could not be admitted into evidence. The court based its ruling upon Tenn.R.Evid. 702 and 703.

The question of whether expert testimony should be admitted into evidence addresses itself to the sound discretion of the trial court; and this Court will not interfere with the exercise of this discretion unless it appears on the face of the record that the trial court abused its discretion. *State v. Scott,* 735 S.W.2d 825, 828 (Tenn.Crim.App.), *per. app. denied* (Tenn.1987); *State v. Max,* 714 S.W.2d 289, 294 (Tenn.Crim.App.), *per. app. denied* (Tenn.1986). The trial court's discretion embraces the relevancy of the proposed testimony, the qualifications of the witness, and whether the proposed testimony will substantially assist the trier of fact to understand the proof that has been adduced at trial or to resolve an issue of fact. Tenn. R.Evid. 401 and 702; *State v. Holcomb,* 643 S.W.2d 336, 341 (Tenn.Crim.App.), *per. app. denied* (Tenn.1982). Thus, not all psychological testimony is admissible. *Holcomb,* 643 S.W.2d at 341.

In this case, the trial court did not abuse its discretion by ruling that the psychologist's testimony could not be introduced as evidence. The trial court correctly found that the proposed testimony of the psychologist would not *substantially* assist the jury to understand the proof that had been adduced during the trial or to resolve any fact in issue. The appellant testified that he never sexually abused the victim. The victim testified that the appellant did sexually abuse her. The ultimate question for the jury was: who is the most credible witness? The jury believed the victim and disbelieved the testimony of the appellant. The testimony of the psychologist would not have substantially assisted the jury in making this determination.

The offense of aggravated sexual battery does not require a specific intent as a prerequisite to a conviction for the commission of this offense. In the context of this case, Tenn.Code Ann. § 39–13–504 defines the offense of aggravated sexual battery as "unlawful sexual contact with a victim by the defendant or the defendant by a victim" when "[t]he victim is less than thirteen (13) years of age." Tenn.Code Ann. § 39–13–504(a)(4). Whether the appellant had a "propensity" or predisposition to sexually abuse children was irrelevant to this inquiry. If he touched the victim as she testified or made the victim touch him as she testified, he was guilty of aggravated sexual battery.

This issue is without merit.

HAYES and DAILEY, JJ., concur.