IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1998 SESSION

FILED

October 23, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| DANNY RAY MEEKS, | ) | |
| | ) | C.C.A. NO. 01C01-9709-CC-00387 |
| Appellant, | ) | |
| | ) | GRUNDY COUNTY |
| VS. | ) | |
| | ) | HON. J. CURTIS SMITH, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:             FOR THE APPELLEE:


EDWARD L. BORING               JOHN KNOX WALKUP
P.O. Box 381                   Attorney General & Reporter
Pikeville, TN  37367
    (On Appeal)                TIMOTHY F. BEHAN
                               Asst. Attorney General
MARION C. FORDYCE              John Sevier Bldg.
Washington Square, Suite 500   425 Fifth Ave., North
222 Second Ave., North         Nashville, TN  37243-0493
Nashville, TN 37201
    (At Hearing)               J. MICHAEL TAYLOR
                               District Attorney General

                               THOMAS D. HEMBREE
                                     -and-
                               STEVEN BLOUNT
                               Asst. District Attorneys General
                               265 Third Ave., Suite 300
                               Dayton, TN  37321


OPINION FILED:_____



**AFFIRMED**



**JOHN H. PEAY,**
Judge

**O P I N I O N**

In August 1990, a jury convicted the petitioner of aggravated kidnapping, especially aggravated robbery, aggravated burglary, and extortion. The petitioner received an effective sentence of forty-eight years in the Department of Correction. The petitioner appealed, and this Court affirmed the petitioner's convictions and sentence in August 1993. See State v. Meeks, 867 S.W.2d 361 (Tenn. Crim. App. 1993)(permission to appeal denied Nov. 1, 1993). The petitioner filed his petition for post-conviction relief on October 6, 1994, alleging thirty-two grounds for relief. The petitioner twice amended his petition to allege an additional twenty-five grounds for relief. After hearing evidence on the issues raised by the petition, the trial court filed a memorandum opinion dismissing the petition in August 1997. One month later, the trial court filed an addendum to its opinion. The petitioner now appeals, raising the following issues for review:

I. Whether trial counsel was ineffective for failing to challenge the arrest warrant for lack of probable cause because it did not contain a proper signature by the issuing magistrate?

II. Whether trial counsel was ineffective for failing to challenge the search and seizure of the petitioner's automobile?

III. Whether trial counsel was ineffective for failing to challenge the issuance of the search warrant of the petitioner's residence?

IV. Whether trial counsel was ineffective for failing to challenge for cause a juror who knew the victim of the crime?

V. Whether trial counsel was ineffective for failing to act as an "active advocate" by not properly investigating the case and deciding not to call a certain defense witness?

VI. Whether trial counsel was ineffective for engaging in an intimate relationship with the petitioner's wife, who was also a co-defendant in the case?

VI. Whether trial counsel was ineffective for failing to challenge variances between the proof and the indictment?

VII. Whether the trial court improperly concluded that the victim suffered "serious bodily injury" when considering the petitioner's motion for judgment

2

of acquittal, which deprived the petitioner of a fair trial?

VIII. Whether the trial court's instruction to the jury on the definition of "reasonable doubt" deprived the petitioner of a fair trial in violation of the Eighth and Fourteenth Amendments?

IX. Whether the trial court's failure to instruct the jury on all lesser included offenses deprived the petitioner of a fair trial?

X. Whether the trial court deprived the petitioner of a fair trial by failing to properly apply and enumerate the enhancement factors and failing to indicate it was following the guidelines of the sentencing act?

After considering the parties' appellate briefs, the facts contained in the record, and the applicable law, we affirm.

The petitioner cites six reasons why his trial counsel was ineffective. In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

First, the petitioner argues that his trial counsel was ineffective because he failed to challenge the arrest warrant. The petitioner cites several reasons why the arrest warrant was void and why probable cause did not exist to issue the arrest warrant, but our disposition of this issue need not concern the intricacies of the petitioner's argument. Even assuming that the petitioner's allegations were true and the arrest warrant was void, the petitioner has not shown how he was prejudiced because once the State secures an

3

indictment or presentment, any defects emanating from the original arrest warrant are cured. See, e.g., State v. Campbell, 641 S.W.2d 890, 893 (Tenn. 1982). The petitioner does not challenge the indictment in this case. Thus, the petitioner is not entitled to relief on this ground. See Strickland, 466 U.S. at 687-88.

Next, the petitioner argues that his trial counsel was ineffective for failing to challenge the search and seizure of the petitioner's "family vehicle" after the petitioner and his wife had been arrested. Even assuming his trial counsel was ineffective for failing to challenge the search and seizure of the automobile, the petitioner has not shown prejudice. In other words, the petitioner has not shown that but for his trial counsel's failure to challenge the search and seizure of the automobile, the result of his trial in this case would have been different. Without such a showing, the petitioner is not entitled to relief on this ground. See Strickland, 466 U.S. at 687-88.

The petitioner also argues that trial counsel was ineffective for failing to challenge the issuance of the search warrant of the petitioner's residence. The petitioner claims the search warrant is void because the issuing party failed to retain a copy of the warrant. No evidence in the record supports this conclusory statement. The petitioner also claims that the officer who obtained the search warrant did so by knowingly making false statements in his affidavit. This issue has been previously determined on direct appeal in this case. See Meeks, 867 S.W.2d at 364. Moreover, the petitioner claims that the lapse of time between the crime and the application for a search warrant directly impacted "the probability that incriminating evidence may be found." The petitioner further claims that the search warrant is void because they were not issued by a "neutral and detached" party and that the issuing party failed to read the entire affidavit word for word. These are the exact issues raised in one of petitioner's other cases, State v.

4

Meeks, 876 S.W.2d 121 (Tenn. Crim. App. 1993)(hereinafter Meeks II). In Meeks II, this Court determined that the petitioner's arguments lacked merit. From our review---which is admittedly limited because the record does not contain a copy of the search warrant---it appears that the search warrant challenged in Meeks II is the same search warrant the petitioner now claims is void.[1] If that is true, then the issues the petitioner raises here have been previously determined. T.C.A. § 40-30-112(a)(1990). However, even if the search warrant challenged in Meeks II is different from the search warrant the petitioner now argues is void, the petitioner has failed to show how he was prejudiced and how the result of his trial in this case would have been different without the evidence seized from his residence. As such, the petitioner is not entitled to relief on this ground. See Strickland, 466 U.S. at 687-88.

Next, the petitioner contends his trial counsel was ineffective for failing to challenge for cause a juror, Michael J. Perry, who knew the victim of the crime. The petitioner contends that Mr. Perry misrepresented during voir dire the extent to which he knew the victim and that he was a biased juror. The transcript of the voir dire proceedings shows that Mr. Perry admitted he knew all of the parties involved on a "casual" basis, and he repeatedly indicated that he knew nothing about this case, did not have a preconceived opinion of the petitioner's guilt or innocence, and would have an open mind if selected to be a juror. Based on this evidence, the post-conviction court found that Mr. Perry revealed during voir dire that he knew the defendants and the victim and that the petitioner failed to present evidence of juror misconduct or ineffective assistance of counsel in regard to jury selection.

On appeal, however, the petitioner relies upon more than the transcript to

---

[1]The petitioner even appears to admit as much in his appellate brief by arguing that the portion of this Court's opinion in Meeks II that addresses the search warrant arguments raised here is wrong.

support his argument. He relies upon a letter written by his sister that he claims conflicts with the transcript. In the letter, the petitioner's sister alleges that Mr. Perry knew the parties better than he intimated during voir dire. This letter was not filed in the record until after the post-conviction court entered its order, which deprived the post-conviction court of the opportunity to consider it. Because this Court is not a factfinding court, the letter is not properly considered as "evidence" on appeal. Further, because the evidence properly presented to the trial court fails to reflect juror misconduct, ineffective assistance of counsel, or resulting prejudice to the petitioner, this ground will not afford the petitioner relief. See Strickland, 466 U.S. at 687-88.

Next, the petitioner argues his trial counsel was ineffective for failing to act as an "active advocate." As support for this argument, the petitioner claims his attorney failed to properly investigate this case because he was "acting as an advocate for the State and working in conjunction with the State to suppress facts and secret witnesses from the defendant and the technical record." There is no evidence in the record to support the petitioner's notion that his trial counsel was working "in conjunction" with the State to the petitioner's detriment. To the contrary, an attorney associated with the petitioner's trial counsel and who also worked on the petitioner's case[2] testified that the petitioner's trial counsel kept a voluminous file on this case and logged almost 260 hours on the case from December 1990 to March 1994, not counting a sixteen-month period for which the time sheets were missing from the record. During that sixteen-month period, the petitioner's trial counsel investigated and worked on the petitioner's case on at least forty-six separate days. The trial counsel's file also indicated that he kept meticulous and organized records documenting his conversations with and information about each potential witness discovered during the course of his investigations.

---

[2]This attorney testified because the petitioner's trial counsel died prior to the post-conviction hearing.

6

The petitioner also claims his trial counsel was not an "active advocate" because he decided not to call a potential alibi witness, Charles Anderson. To this argument, the post-conviction court found that the attorney's decision not to call Mr. Anderson as a witness was a matter of trial strategy because Mr. Anderson's credibility was questionable and his testimony would have conflicted with the testimony of the petitioner and other witnesses in several important regards, to the extent that it could have undermined the petitioner's alibi defense. The evidence does not preponderate against these findings. See Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993)(stating that the trial court's findings of fact are conclusive on appeal unless the evidence preponderates against the judgment). Moreover, there is no evidence in the record to support the defendant's implication that his attorney's decision not to call Mr. Anderson to the witness stand was an uninformed decision. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)(stating that the court should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation). Thus, this argument will not afford the petitioner relief.

Next, the petitioner contends his trial counsel was ineffective because he engaged in an intimate relationship with the petitioner's wife, who was also a co-defendant at trial. The petitioner also implies that the prosecuting attorney acted inappropriately by failing to "reveal promptly to the Court improper conduct of members of the bar." Contrary to the petitioner's claims, the record fails to reflect that his trial counsel engaged in an intimate relationship with the petitioner's wife. Moreover, this argument is not a cognizable constitutional claim for which post-conviction relief may be granted. See T.C.A. § 40-30-105 (1990).

Finally, the petitioner claims his trial counsel was ineffective because he

7

failed to challenge variances between the proof and the indictment, which is a challenge to the sufficiency of the convicting evidence. This argument will not afford the petitioner relief, however, because the sufficiency of the evidence cannot be reviewed or tested in a post-conviction proceeding. Gant v. State, 507 S.W.2d 133 (Tenn. Crim. App. 1973).

In the petitioner's remaining issues, he alleges several trial court errors that he claims deprived him of a "constitutional fair trial." First, the petitioner argues that the trial court deprived him of a fair trial by "substitut[ing] it's [sic] own definition of what constitutes serious bodily injury on the question of a directed verdict of acquittal" on all indicted counts. It is well-settled that a judgment of acquittal tests only the legal sufficiency of the evidence. State v. Campbell, 904 S.W.2d 608, 611 (Tenn. Crim. App. 1995). Thus, although the petitioner has attempted to couch this issue in terms of the trial court's actions, it is nothing more than an attempt to test the sufficiency of the convicting evidence. That being so, the petitioner is not entitled to relief because post-conviction proceedings may not be employed to question, review, or test the sufficiency of the convicting evidence, see Gant, 507 S.W.2d at 136, and because the convicting evidence has already been tested on direct appeal, barring this issue as "previously determined," see T.C.A. § 40-30-112(a)(1990); see also Meeks, 867 S.W.2d at 369 (concluding that the evidence was sufficient to support all convictions).

Next, the petitioner contends that the trial court's instruction to the jury on the definition of "reasonable doubt" deprived him of a fair trial. The petitioner's complaint regarding the "reasonable doubt" instruction is presumed waived because it could have been raised on direct appeal of this case and was not. See T.C.A. § 40-30-112(b)(1) (1990). The petitioner does not rebut this presumption by claiming that he did not knowingly and understandably agree to waive this issue by not raising it on direct appeal.

8

See T.C.A. § 40-30-112(b)(2)(1990). Even so, the petitioner would not be entitled to relief because the instruction used in this case has been approved as properly conveying "the jury's responsibility to decide the verdict based on the facts and the law." State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994).

Next, the petitioner argues that the trial court "denied [him] a fair trial when it refused to charge all lesser included offenses when the necessary proof was not offered at trial to establish the greater of the indicted offenses." The petitioner continues, "It goes without saying that the indicted offenses were not proven at trial and the Trial Court charged the jury with only the indicted offenses because it felt that there was sufficient proof to convict the defendant." This is the extent of the petitioner's argument on this issue,[3] which reveals that this issue is nothing more than an attempt to challenge the sufficiency of the convicting evidence. Thus, the petitioner's argument must fail. See Gant, 507 S.W.2d at 137 (stating that post-conviction proceedings may not be employed to question, review, or test the sufficiency of the convicting evidence).

In his last issue, the petitioner contends that the trial court deprived the petitioner of a fair trial by failing to properly apply and enumerate the enhancement factors and by failing to indicate it was following the guidelines of the sentencing act. The petitioner has not rebutted the presumption that he has waived this issue by knowingly failing to raise it on direct appeal. See T.C.A. § 40-30-112(b) (1990). Even so, the petitioner fails to allege that the judgment is void or voidable due to a constitutional violation, thus precluding consideration of this issue in a post-conviction petition. See T.C.A. § 40-30-105 (1990); Overton v. State, 874 S.W.2d 6 (Tenn. 1994).

---

[3]The petitioner's argument on this point includes one last sentence, in which he states that his trial counsel did not object to the trial court's failure to charge the jury on the lesser included offenses and that "the District Attorney General took no steps to protect the defendant's constitutional rights." From this language, we cannot discern the significance the petitioner attaches to these events (assuming, of course, the petitioner's unsupported statement is even true).

Tacked on to the end of his brief, the petitioner requests this Court to sua sponte "consider . . . the fact that the State has withheld exculpatory evidence." It is unclear what remedy the petitioner seeks from this Court on this ground and what impact this request would have on the petitioner's post-conviction relief petition. Even so, the record contains no evidence to support the petitioner's claim that the State has withheld exculpatory evidence.

Finding no merit to the petitioner's contentions, the trial court's dismissal of the petition for post-conviction relief is affirmed.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
THOMAS T. WOODALL, Judge


_____
L. TERRY LAFFERTY, Special Judge